**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rene GALVAN–GARCIA,**
**Defendant–Appellant.**

**No. 88–2752**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 1, 1989.

---

**4.** We note that Velasquez–Mercado subjected the 32 aliens in his van to such a high speed chase as well.

Roland E. Dahlin, II, Marjorie A. Meyers, and Thomas G. Lindemuth, Federal Public Defenders, Houston, Tex., for defendant-appellant.

Frances H. Stacy, Asst. U.S. Atty. and Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before KING, JOHNSON and JOLLY, Circuit Judges.

JOHNSON, Circuit Judge:

Defendant Rene Galvan–Garcia appeals his conviction of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We affirm.

## I. FACTS AND PROCEDURAL HISTORY

On the evening of March 2, 1988, two Border Patrol agents were informed by their dispatcher that some type of activity had triggered electronic sensors near the Rio Grande River at McAllen, Texas. Upon arriving at the location where the activity had been detected, the two agents, who were travelling in a marked Border Patrol vehicle, observed a vehicle being driven in a suspicious pattern near the Rio Grande River. At this point, the agents began to follow the suspect vehicle, ultimately turning on the siren and flashing lights of their vehicle. In the ensuing high speed chase of the suspect vehicle by the Border Patrol agents in which another Border Patrol unit joined the pursuit, the agents identified the suspect vehicle as a Chevrolet station wagon.

Thereafter, as the agents were chasing the station wagon, the agents observed two bags being pushed out of the passenger-side window of the station wagon. After observing this activity, the agents who originally began pursuing the station wagon immediately advised the back-up Border Patrol unit that bags were being thrown out of the suspect vehicle. A search of the area conducted by the back-up unit where the pursuing agents reported the bags being thrown from the station wagon revealed three bags containing approximately 68 pounds of marijuana. Ultimately, the agents were able to stop the station wagon and apprehend its sole occupant—defendant Rene Galvan–Garcia. Following a jury trial, Galvan–Garcia was convicted of possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court then sentenced Galvan–Garcia to a prison term of 46 months and a

three year term of supervised release. Galvan–Garcia now appeals.

## II. DISCUSSION

On appeal, Galvan–Garcia initially challenges the sufficiency of the evidence to support his conviction. In reviewing a sufficiency of the evidence claim following a criminal conviction, this Court will sustain the conviction if "'after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Santisteban*, 833 F.2d 513, 516 (5th Cir.1987) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). "In order to prove possession with intent to distribute, the government must establish that [a defendant] had knowledge, possession of a controlled substance, and a specific intent to distribute it." *United States v. Kaufman*, 858 F.2d 994, 1000 (5th Cir.1988). Further, the above elements may be established by circumstantial, as well as direct, evidence. *United States v. Prieto–Tejas*, 779 F.2d 1098, 1101 (5th Cir.1986).

In asserting his insufficiency of the evidence claim before this Court, Galvan–Garcia maintains that the Government failed to prove that he ever possessed the marijuana found in the bags on the side of the road. Possession of a controlled substance may be either actual or constructive. *United States v. Martinez*, 588 F.2d 495, 498 (5th Cir.1979). In the instant case, the evidence presented to the jury was sufficient to enable a reasonable trier of fact to conclude that Galvan–Garcia possessed the marijuana. Specifically, the jury was informed that two Border Patrol agents observed two bags, which were later discovered to contain marijuana, being thrown from a vehicle occupied solely by Galvan–Garcia. Accordingly, we reject the contention of Galvan–Garcia in this regard.

Galvan–Garcia next asserts that the district court erred in admitting evidence of his prior conviction for possession of marijuana in 1979. Specifically, Galvan–Garcia maintains that, prior to admitting testimony regarding the prior conviction, the district court erroneously failed to conduct an on-the record balancing of the probative and prejudicial effect of the conviction in accordance with Federal Rule of Evidence 609(a) and the opinion of this Court in *United States v. Preston*, 608 F.2d 626, 639 (5th Cir.1979), *cert. denied*, 446 U.S. 940, 100 S.Ct. 2162, 64 L.Ed.2d 794 (1980). Galvan–Garcia further contends that questions concerning the prior conviction propounded to him by the prosecutor during cross-examination, as well as references by the prosecutor to the conviction during closing argument, mandate reversal of his conviction. We do not agree.

Initially, it is noted that this Court reviews the decision of the district court on this point for abuse of discretion. *United States v. Shaw*, 701 F.2d 367, 385 (5th Cir.1983), *cert. denied*, 465 U.S. 1067, 104 S.Ct. 1419, 79 L.Ed.2d 744 (1984). In the instant case, however, while Galvan–Garcia filed a pretrial motion in limine seeking to exclude from trial the evidence of his prior marijuana conviction, Galvan–Garcia failed to object to the admission of such evidence at trial. Thus, this Court will reverse only if the asserted evidentiary error amounted to plain error. *Douthit v. Jones*, 619 F.2d 527, 538–39 (5th Cir.1980).

After reviewing the record, we are persuaded that the admission of the prior conviction of Galvan–Garcia and the subsequent references by the prosecutor to that conviction during cross-examination and closing argument do not amount to plain error mandating reversal. First and foremost, Galvan–Garcia himself introduced, through his own testimony on direct examination, evidence of his prior conviction for marijuana possession. Galvan–Garcia cannot now complain of the introduction of the prior conviction into evidence when he himself initially presented the evidence to the jury.

As to the subsequent questioning of Galvan–Garcia by the prosecutor during cross-

examination, it is noted that, in testifying on direct examination, Galvan–Garcia conveyed to the jury the impression that he served little time in the federal penitentiary for his conviction, and that he did not use his family car to transport the marijuana. On cross-examination, the prosecutor elicited from Galvan–Garcia the fact that (1) he was convicted for possession of marijuana, (2) he served three years in the federal penitentiary for his conviction, and (3) he in fact did use the family car to transport the marijuana. In closing argument, the prosecutor restated the above information in argument fashion. This Court has previously upheld questioning concerning the prior conviction of a defendant during cross-examination where the defendant has attempted to explain away the prior conviction. *United States v. Barnes*, 622 F.2d 107, 109 (5th Cir.1980). *See also United States v. Walker*, 613 F.2d 1349, 1352–53 (5th Cir.), *cert. denied*, 446 U.S. 944, 100 S.Ct. 2172, 64 L.Ed.2d 800 (1980). This is precisely what Galvan–Garcia attempted to do in the instant case, and the subsequent questioning of the prosecutor to clarify the apparently misleading information presented by Galvan–Garcia does not amount to plain error. In a similar fashion, we also conclude that the reference by the prosecutor to the prior conviction during closing argument does not consitute plain error requiring reversal.

■ Galvan–Garcia further asserts on appeal that the district court erred in refusing to dismiss the indictment after DEA agents destroyed the seized marijuana on March 22, 1988, prior to defense counsel having been provided an opportunity to view the marijuana in preparation for trial. The above contention of Galvan–Garcia lacks merit, however, as "[u]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizonia v. Youngblood*, —— U.S. ——, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988). In the instant case, the district court found that the DEA agents destroyed the marijuana in good faith. Since the above finding of the district court is not clearly erroneous, we reject the argument of Galvan–Garcia on this point.

■ Finally, Galvan–Garcia raises a challenge to the application of the sentencing guidelines to the facts of his particular case. Specifically, Galvan–Garcia asserts that the district court erred by increasing his offense level pursuant to Section 3C1.1 of the Sentencing Guidelines. Section 3C1.1 provides that "[i]f the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level...." Because of the actions of Galvan–Garcia in attempting to conceal the marijuana by tossing the bags out of the window of his vehicle, and in fleeing from the Border Patrol agents, the district court applied the above guideline to increase the offense level for Galvan–Garcia. On this point, the Government notes that the commentary to section 3C1.1 provides a list of examples of conduct which would fall within the purview of section 3C1.1 including "(1) destroying or concealing material evidence, or attempting to do so...." Because Galvan–Garcia engaged in such conduct by attempting to rid himself of the bags of marijuana in the instant case, the district court did not err by enhancing his offense level pursuant to section 3C1.1.

For all of the above reasons, we affirm.

AFFIRMED.