**STATE of Utah, Plaintiff and Respondent,**

v.

**Rueben ROSS, Defendant and Appellant.**

**No. 880650–CA.**

Court of Appeals of Utah.

Oct. 27, 1989.

Lisa J. Remal and Joan C. Watt, Salt Lake City, for defendant and appellant.

R. Paul Van Dam and Barbara Bearnson, Salt Lake City, for plaintiff and respondent.

---

**29.** *See Mayers v. Bronson,* 100 Utah 279, 289, 114 P.2d 213, 217–18 (1942).

## OPINION

Before DAVIDSON, GARFF and JACKSON, JJ.

GARFF, Judge:

Defendant Rueben Ross appeals his conviction for forgery, a second degree felony, in violation of Utah Code Ann. § 76–6–501 (1978). He contends that evidence of his prior conviction for attempted forgery was improperly admitted, that the prosecutor's statement to the jury regarding the emotional condition of the State's primary witness was prejudicial, and that the evidence was insufficient to support a conviction for forgery. We affirm.

On July 8, 1988, a checkbook was taken from the desk of James Quigley. On July 9, 1988, defendant allegedly forged a check from the stolen checkbook in the amount of $200. Jeannie Hunter testified that she was with defendant on July 9, 1988, and that he enlisted her help in attempting to cash the $200 check. When police were summoned to Check Mart, where the pair attempted to cash the check, they saw defendant look over his shoulder at them and try to hide something in the waistband of his pants. The police found the stolen checkbook in defendant's waistband.

Defendant testified that Ms. Hunter wanted to cash a check and he had merely gone with her to cash it. Defendant said that he picked up the checkbook when he saw Ms. Hunter drop it earlier.

Following a jury trial, defendant was convicted of forgery.

## PRIOR CONVICTIONS

Prior to trial, defendant's counsel unsuccessfully moved to suppress defendant's prior convictions pursuant to Rule 609(a) of the Utah Rules of Evidence. After a hearing, the trial court ruled that the State could use defendant's prior conviction of attempted forgery for impeachment purposes.

The admission of prior criminal conviction evidence in a criminal trial is governed by Rule 609(a) of the Utah Rules of Evidence, which provides:

For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

Defendant contends that the trial court did not clarify in its ruling whether the prior conviction was admissible pursuant to subsections (1) or (2) of Rule 609(a). He argues that attempted forgery does not fall under crimes involving dishonesty or false statement pursuant to subsection (2), and that the court failed to conduct the balancing test required for crimes admissible under subsection (1).

In *State v. Wight*, 765 P.2d 12 (Utah Ct.App.1988), this court stated that "[i]f honesty was involved, evidence of the prior conviction is automatically admissible under 609(a)(2)," *id.* at 18, referring to *State v. Banner*, 717 P.2d 1325 (Utah 1986). The Utah Supreme Court noted that "Utah's Rule 609 is the federal rule verbatim," and advised that "federal case law should be consulted for advice in interpreting the rule." *Wight*, 765 P.2d at 17.

In accordance with that instruction, we look to federal case law and find that "[e]vidence of a conviction of forgery, which is a crime involving dishonesty and false statement, is mandatorily admissible for impeachment purposes" under Rule 609(a). *United States v. Bay*, 762 F.2d 1314, 1317 (9th Cir.1984); *see also United States v. Dixon*, 547 F.2d 1079, 1083–84 (9th Cir.1976).

Defendant argues that attempted forgery, unlike forgery, is not necessarily a crime involving dishonesty or false statement. This argument is without merit. Utah Code Ann. § 76–4–101 (1978) provides that a person is guilty of an attempt to commit a crime if he acts "with the kind of

culpability otherwise required for the commission of the offense...." Clearly, under Utah law, the crime of attempted forgery involves the same culpability and dishonesty as does the crime of forgery itself. Therefore, attempted forgery is automatically admissible under Rule 609(a)(2), and the trial court ruled correctly in admitting the evidence of defendant's prior conviction.

## RULE 403

Defendant argues that even if his prior conviction is admissible under Rule 609(a)(2), Rule 403 of the Utah Rules of Evidence precludes its admission.

Rule 403 provides, in part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."

Like Rule 609, Rule 403 follows the federal rule verbatim, so we look to federal case law to resolve defendant's contention. The federal courts that have ruled on Rules 609 and 403 in tandem have held that the trial court has no discretion to exclude prior crimes involving dishonesty or false statement.

In *United States v. Kiendra,* 663 F.2d 349 (1st Cir.1981), the First Circuit stated, "We are driven by the force of explicit statutory language and legislative history to hold that evidence offered under Rule 609(a)(2) is not subject to the general balancing provision of Rule 403." *Id.* at 354. The *Kiendra* court pointed out that Rule 403 is permissive, while Rule 609 is mandatory: "Rule 403 provides, 'Although relevant, evidence *may* be excluded' ... Rule 609(a) provides, 'evidence that he has been convicted of a crime *shall* be admitted.'" *Id.* (emphasis added). Therefore, we hold that where Rule 609 is applicable, its mandatory language supercedes the permissive language of Rule 403.[1]

*Kiendra* also distinguished between the general provisions of Rule 403 and the specific provisions of Rule 609: "Rule 403 is a general provision intended to govern a wide landscape of evidentiary concerns; Rule 609 is a narrow provision intended to regulate the impeachment of witnesses who have been convicted of prior crimes." *Id.* at 354. The court found that the drafters of Rule 403 did not expect it to "prevail over more specific rules; it was 'designed as a guide for the handling of situations for which no specific rules have been formulated.'" *Id.* Fed.R.Evid. 403 advisory committee's note.

■ From federal case law, it is clear that where evidence of a defendant's prior criminal record is admissible under Rule 609(a)(2), Rule 403 is not applicable. *See also United States v. Wong,* 703 F.2d 65, 66–68 (3rd Cir.1983); *United States v. Toney,* 615 F.2d 277, 279–80 (5th Cir.1980); *United States v. Huddleston,* 811 F.2d 974, 978 (6th Cir.1987), aff'd, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988); *Altobello v. Borden Confectionary Prod., Inc.,* 872 F.2d 215, 216–17 (7th Cir.1989); *United States v. Leyva,* 659 F.2d 118, 121–22 (9th Cir.1981). Accordingly, we hold that evidence of defendant's prior criminal record of attempted forgery was properly admitted by the trial court.

## PROSECUTORIAL MISCONDUCT

Next, defendant contends that the prosecutor's statement to the jury regarding the emotional condition of the State's primary witness was prejudicial.

During her testimony at trial, Ms. Hunter became emotionally upset. Defense counsel asked that she be admonished. The prosecutor then stated that, "I was

---

**1.** *Kiendra* also looked to the legislative history surrounding the congressional enactment of the *Federal Rules of Evidence,* and found that "[w]hen it drafted section 609, Congress had before it a Revised Draft that explicitly preserved a trial judge's discretion to exclude *crimen falsi* impeachment under the standard Rule 403." *Kiendra,* 663 F.2d at 355. However, "Congress rejected that option, chose mandatory statutory language, and accepted an unambiguous Conference Committee Report." *Id.* That report stated: "The admission of prior convictions involving dishonesty and false statement is not within the discretion of the Court. Such convictions are peculiarly probative of credibility and, under this rule, are always to be admitted." *Id.* (quoting H.R.Conf.Rep. No. 93–1579, 93rd Cong. 2d Sess. 9 (1974)).

going to say the State has no further questions at this time, your Honor. Ms. Hunter has recently had a death in her family and I wonder if we could have a recess."

In *State v. Dibello*, 780 P.2d 1221 (1989), the Utah Supreme Court stated:

> [C]ounsel exceeds the bounds of this discretion and commits error if. he or she calls to the jury's attention material that the jury would not be justified in considering in reaching its verdict. Such conduct warrants reversal if the appellate court concludes that absent the improper argument, there was a reasonable likelihood of an outcome more favorable to the defendant.

*Id.* at 1225 (citations omitted); *see also State v. Troy*, 688 P.2d 483, 486 (Utah 1984); *State v. Valdez*, 30 Utah 2d 54, 513 P.2d 422, 426 (1973).

The jury would not be justified in considering information concerning a death in Ms. Hunter's family in reaching its verdict. Thus, the comment is inadmissible. However, the incident does not warrant reversal because the defense not only failed to preserve the issue for appeal by not objecting to the statement, but the error was also harmless.

Rule 103(a)(1) and (d) of the Utah Rules of Evidence require that counsel make specific objection to the error or that the error be plain. "A general rule of appellate review in criminal cases in Utah is that a contemporaneous objection of some form of specific preservation of claims of error must be made a part of the trial court record before an appellate court will review such claim on appeal." *State v. Tillman*, 750 P.2d 546, 551 (Utah 1987); *see also State v. Shickles*, 760 P.2d 291, 301 (Utah 1988). In the present case, defense counsel failed to object at trial to the prosecutor's comment concerning the death in Hunter's family. Therefore, defendant waived the opportunity to preserve the issue for appeal.

Furthermore, the error in question does not meet the criteria for "plain error" set forth in Rule 103(d). In *State v. Eldredge*, 773 P.2d 29 (Utah 1989), the Utah Supreme Court enumerated the requirements for finding plain error:

> The first requirement for a finding of plain error is that the error be "plain," i.e., from our examination of the record, we must be able to say that it should have been obvious to a trial court that it was committing error. The second and somewhat interrelated requirement for a finding of plain error is that the error affect the substantial rights of the accused, i.e., that the error be harmful.

*Id.* at 35 (citations omitted).

In this case, neither of these requirements were present. Hunter was testifying concerning her feelings that arose when the police took her son away at the time she was arrested with defendant, and became emotionally upset. The prosecutor's comment was simply an explanation of why the witness was emotionally distraught. It was an innocuous comment and can hardly be seen as an attempt to garner sympathy for the witness or an attempt to add to her credibility, as defendant has urged. The statement simply does not rise to the level affecting the substantial rights of defendant and we cannot find that absent the comment there was a reasonable likelihood of an outcome more favorable to defendant.

## SUFFICIENCY OF THE EVIDENCE

Finally, defendant claims that there was insufficient evidence to sustain his conviction.

The standard of review for such claims is set forth in *State v. Booker*, 709 P.2d 342 (Utah 1985):

> "[W]e review the evidence and all inferences which may reasonably be drawn from it in the light most favorable to the verdict of the jury...." In reviewing the conviction, we do not substitute our judgment for that of the jury. "It is the exclusive function of the jury to weigh the evidence and to determine the credibility of the witnesses." So long as there is some evidence, including reasonable inferences, from which findings of all the requisite elements of the crime

can reasonably be made, our inquiry stops.

*Id.* at 345 (quoting *State v. Petree,* 659 P.2d 443, 444 (Utah 1983) and *State v. Lamm,* 606 P.2d 229, 231 (Utah 1980) (citations omitted)); *see also State v. Johnson,* 115 Utah Adv.Rep. 6, 7 (1989).

■ The testimony of Ms. Hunter was sufficient to establish all the elements of the crime of forgery, and sufficient for the jury to find defendant guilty.

We affirm the trial court.

DAVIDSON and JACKSON, JJ., concur.