**STATE of Utah, Plaintiff and Appellee,**

v.

**Randall TUCKER, Defendant and Appellant.**

**No. 890423–CA.**

Court of Appeals of Utah.

Oct. 24, 1990.

---

Brooke C. Wells, Richard G. Uday (argued), Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, Atty. Gen., Charlene Barlow (argued), Asst. Atty. Gen., for plaintiff and appellee.

Before BENCH, BILLINGS and GREENWOOD, JJ.

## OPINION

BILLINGS, Judge:

Randall D. Tucker appeals his conviction for theft, a third degree felony, in violation of Utah Code Ann. § 76–6–404 (1990). We affirm.

On March 29, 1989, Mr. Hansen drove to his property near Redwood Road where a locked storage shed containing his son's possessions was located. Mr. Hansen found defendant standing in front of a car near the shed and later saw co-defendant Kanares emerge from behind the shed. Mr. Hansen asked defendant what he was doing, copied down the license plate number of the car and called the police. The police subsequently found defendant hiding under the bed in Mr. Kanares's mobile home. Mr. Hansen identified defendant, the car and items in the car that had been taken from the shed.

Defendant at trial claimed the car was empty when he was at the storage shed and Mr. Kanares put the items in the car when they arrived at the mobile home in

order to return them. Mr. Kanares testified defendant had been with him when the items had been taken.

Defendant filed a motion in limine to exclude admission of his prior conviction for attempted forgery, a Class A misdemeanor. The trial court denied the motion. Defendant subsequently testified during direct examination that he had been convicted of attempted forgery. As a result of a question from his counsel, defendant explained his version of the circumstances surrounding the conviction. Specifically, he stated he was sharing a house with his sister and his money was in his sister's and his mother's joint bank account. He claimed his sister would not give him his money and his parents were on vacation, so he forged his sister's signature to get his money. He testified he needed the money to get another house and that less than $100 was involved.

During cross-examination, the prosecutor questioned defendant as to the number of checks and the amount of money involved in his prior conviction, which was substantially in excess of $100. The prosecutor also asked defendant whether he took and cashed the checks to support his drug habit. At this point defense counsel objected. The court overruled the objection stating defendant had opened the door as to the reason he forged the checks on direct examination. The prosecutor then asked whether the defendant remembered filling out a statement explaining that he took the money to support a drug habit. Defendant stated he did not remember, but admitted that he entered and completed a drug rehabilitation program after his prior forgery conviction.

Following cross-examination, the trial court instructed the jury to consider the attempted forgery conviction only for the purpose of determining the defendant's credibility. The court further cautioned, "I know you heard some testimony in response to questions of Mr. Jones about drugs, but that can only be used regarding the incident and the purpose of the withdrawals of money and for no other purpose." On redirect, defendant testified he no longer used drugs and drugs were not involved in the present incident.

Defendant made a motion for a mistrial based on the denial of his motion in limine to exclude his prior conviction, the state's cross-examination into the details of the conviction and the inquiry into his prior drug use. The motion was denied. The jury acquitted defendant of burglary and convicted him of theft.

■ On appeal, defendant claims the trial court erred in refusing to grant a mistrial based upon the state's improper inquiry into the details of his prior attempted forgery conviction. The state contends defendant opened the door to this line of questioning through his testimony during direct examination. In addition, the state points out defendant failed to object to most of the questions at trial and therefore asserts defendant is precluded from raising this issue for the first time on appeal. Defendant responds that we should reach the issue because it is plain error.[1]

■ Generally, inquiry into the details of prior convictions has been found to be so prejudicial as to amount to plain error. *See United States v. Roenigk*, 810 F.2d 809, 814 (8th Cir.1987); *United States v. Harding*, 525 F.2d 84, 88–89 (7th Cir.1975); *United States v. Dow*, 457 F.2d 246, 250 (7th Cir.1972); *United States v. Mitchell*, 427 F.2d 644, 647 (3d Cir.1970). In such cases, the court will reach the issue on appeal despite the lack of objection. *See*

---

1. Under Rule 103(a) of the Utah Rules of Evidence, error cannot be based on a ruling admitting evidence unless the ruling affects a substantial right of the party and a timely objection appears of record. *State v. Tillman*, 750 P.2d 546, 551 (Utah 1987); *see State v. Shickles*, 760 P.2d 291, 301 (Utah 1988); *State v. Ross*, 782 P.2d 529, 532 (Utah Ct.App.1989). However, Rule 103(d) allows us to consider a claim even

though it was not brought to the attention of the trial court if it is plain error. There are two requirements for a finding of plain error. *State v. Eldredge*, 773 P.2d 29, 35 (Utah 1989). First, the error must be plain, which means we must be able to determine from the record that "it should have been obvious to a trial court that it was committing error." *Id.* Second, the error must be harmful. *Id.*

*Dow,* 457 F.2d at 250; *Mitchell,* 427 F.2d at 647.

However, when the defendant explores the details of his prior convictions on direct examination, courts have found inquiry into the details of the prior convictions on cross examination, if it was error at all, was not plain error. *See United States v. Galvan–Garcia,* 872 F.2d 638, 640–41 (5th Cir.1989); *Mitchell,* 427 F.2d at 647. This is particularly so where the defendant has made misstatements or has presented half truths. *See Galvan–Garcia,* 872 F.2d at 641.[2] Courts, in failing to find plain error, have also ascribed importance to the fact that the trial judge gave cautionary instructions to the jury. *See, e.g., Mitchell,* 427 F.2d at 647.

Thus, whether the inquiry into the details of defendant's attempted forgery conviction was plain error turns on whether defendant invited the inquiry by his testimony on direct examination. To resolve this issue, we explore the law surrounding this evidentiary issue.

Evidence of prior convictions may be used to impeach a testifying defendant's credibility as a witness. Rule 609(a) of the Utah Rules of Evidence provides: "For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime ... (2) involved dishonesty or false statement, regardless of the punishment."

Defendant concedes forgery is a crime involving dishonesty and false statement and therefore his prior conviction is "mandatorily admissible under Rule 609(a)." *State v. Ross,* 782 P.2d 529, 530 (Utah Ct.App.1989), but claims the trial court erred in allowing the prosecutor to inquire into the details surrounding his prior attempted forgery conviction.

■ To insure information solicited under Rule 609(a) is considered only for impeachment purposes, federal courts have generally limited the prosecutor's inquiry to the nature of the crime, the date of conviction and the punishment. *United States v. Wolf,* 561 F.2d 1376, 1381 (10th Cir.1977); *United States v. Mitchell,* 427 F.2d 644, 646–47 (3d Cir.1970); *see Campbell v. Greer,* 831 F.2d 700, 707 (7th Cir. 1987); *United States v. Tumblin,* 551 F.2d 1001, 1004 (5th Cir.1977); *see also State v. Williams,* 656 P.2d 450, 453 (Utah 1982). Utah appellate courts have looked to federal cases in interpreting Rule 609 as the Utah and federal rules are identical. *State v. Bruce,* 779 P.2d 646, 654 (Utah 1989); *see State v. Banner,* 717 P.2d 1325, 1333–34 (Utah 1986); *State v. Ross,* 782 P.2d 529, 530 (Utah Ct.App.1989); *State v. Wight,* 765 P.2d 12, 17 (Utah Ct.App.1988). We accept this federal interpretation of the permissible Rule 609(a) inquiry and hold that generally, a Rule 609(a) inquiry should be limited to the nature of the crime, the date of the conviction and the punishment.

A prosecutor may not parade the details of the prior crime in front of the jury. *See Campbell,* 831 F.2d at 707. The defendant is subject to cross-examination only to test his veracity and credibility and thus "collateral matters should properly be limited to an effort to discredit him as a witness," *State v. Pennix,* 313 F.2d 524, 528 (4th Cir.1963), and not "merely to prejudice the jury against the defendant." *Id.*[3] Care must be taken to insure the defendant is not convicted for past rather than present crimes. *Wolf,* 561 F.2d at 1381; *see United States v. Dow,* 457 F.2d 246, 250 (7th Cir.1972).

---

**2.** The defendant in *Galvan–Garcia* introduced evidence during direct examination of his prior conviction for marijuana possession, but made misstatements about the amount of time he served in prison and his use of his family car to transport marijuana. 872 F.2d at 640–41. On cross-examination the prosecutor elicited that defendant served three years in the federal penitentiary and he did use the family car to transport the marijuana. *Id.* at 641. The court found the subsequent questioning of the prosecutor to clarify the apparently misleading information presented by Galvan–Garcia was not plain error. *Id.*

**3.** *See also Mitchell,* 427 F.2d at 647 (cannot elicit information solely to prejudice defendant); *Dow,* 457 F.2d at 250 (should not examine to prejudice defendant).

However, there is an exception to the Rule 609(a) "mandate" that inquiry be confined to the nature, date and punishment of past convictions. When a defendant on direct examination "attempts to explain away the effect of the conviction or to minimize his guilt," *Wolf,* 561 F.2d at 1381, a defendant may then "be cross-examined on any facts which are relevant to the direct examination." *Id.* For example, in *Wolf,* the defendant attempted to explain away his prior conviction and deny his guilt by testifying that he could not afford to defend the charges and pleaded guilty to one charge on the assurance that others would be dismissed. *Id.* The prosecutor cross-examined Wolf as to the details of his prior conviction and the other counts that were dismissed. *Id.* The court held the cross-examination proper and stated the defendant "has no right to set forth to the jury all the facts which tend in his favor without laying himself open to a cross-examination upon those facts." *Id.* (quoting *Brown v. United States,* 356 U.S. 148, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958)).[4]

■ Based upon the preceding authority, we conclude the cross-examination of defendant as to the details of his prior forgery conviction did not constitute plain er-

ror.[5] Defendant opened the door to the prosecutor's inquiry by making misstatements and trying to explain away his prior attempted forgery conviction. On direct examination, defendant conveyed the impression to the jury that he had a right to the money, and that less than $100 was involved. By so testifying, defendant opened the door to the prosecutor's questions regarding the number of checks defendant had taken from his mother and the total amount of money involved.

Furthermore, the trial judge gave appropriate curative instructions by cautioning the jury to consider the testimony regarding the attempted forgery conviction only for determining the defendant's credibility.

In addition, defendant claims that even if the prosecutor's inquiry into the details of his prior attempted forgery conviction was not plain error, that inquiry into his drug habit was reversible error. Defendant correctly points out that he made a timely objection to this line of inquiry and thus insists the trial judge should have granted his motion for a mistrial. Defendant asserts that this testimony concerning his prior use of drugs was admitted in violation of Utah Rules of Evidence 404(b) and 403.[6]

---

**4.** *United States v. Mitchell,* 427 F.2d 644 (3d Cir.1970) and *United States v. Amahia,* 825 F.2d 177 (8th Cir.1987) are other cases where the defendant opened the door and the court therefore allowed the prosecutor to explore the details of a prior conviction. In *Mitchell,* the prosecutor asked the defendant, "You are not a man unfamiliar with firing at other human beings are you?" 427 F.2d at 646. The prosecutor further said that men were shot, stabbed, and whipped during the defendant's prior crime. *Id.* The court found the questioning to be harmless error because the judge gave a cautionary instruction, the prosecution's case was strong and the defendant opened the door to the prosecution's comment by calling the witnesses perjurers and saying, "probably you would like to go a little further and find out some of the testimony." *Id.* at 646. The court stated that "the prosecutor may have concluded that if he did not pursue or probe this allegation the jury would believe [the defendant], unless they were aware of other facts." *Id.* at 647.

In *Amahia,* 825 F.2d at 179, defendant testified that he had gotten into a little bit of trouble and pled guilty to some theft charges because of school and work pressures and with the assurance he would receive probation. The govern-

ment quoted each count of the indictment and cross-examined defendant as to a related crime for which no charge was brought. *Id.* The court stated that "when a defendant 'opens the door' by a denial of guilt of the prior conviction, a more detailed cross-examination is permissible." *Id.* at 180.

**5.** We need not decide whether there was error at all since the defendant failed to object at trial. However, we note that courts in similar circumstances have not found similar questioning improper. *See Amahia,* 825 F.2d at 179–80; *Wolf,* 561 F.2d at 1381–82.

**6.** Rule 404(b) provides:

Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Rule 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially out-

The state responds that testimony concerning defendant's prior cocaine addiction was properly admitted under Rules 608(b) [7] and 609(a)(2). The state again claims defendant opened the door under Rule 609(a) to questioning as to his prior drug use by making misstatements which were properly probed on cross-examination as to the motive for his prior forgery conviction.

Utah courts have allowed impeachment evidence even though it introduces evidence of a prior bad act if the purpose of the evidence is to affect credibility. *See State v. Lopez*, 626 P.2d 483, 486 (Utah 1981); *State v. Wells*, 603 P.2d 810, 812 (Utah 1979); *State v. Green*, 578 P.2d 512, 514 (Utah 1978).

In *Wells*, the court stated: "the evidence was introduced ... to impeach the defendant's credibility in testifying that he had not previously pointed a weapon at Dirks.... Since the evidence was introduced to impeach the defendant's credibility, it was admissible for that limited purpose even though it was also evidence of a prior bad act." *Wells*, 603 P.2d at 812.[8]

In the instant case, the prosecutor elicited evidence of defendant's cocaine use in response to defendant's testimony that he forged the checks because he needed money to move into another house. If the prosecutor had introduced this evidence

solely to disgrace the defendant or show his propensity to commit a crime, its use would have been improper. However, the prosecutor asked defendant whether he remembered filling out a statement saying he took the money to support a drug habit, in order to directly contradict defendant's previous inaccurate testimony on direct examination. When defendant testified that he could not remember making the statement, the prosecutor probed further concerning his drug use at the time he committed the prior crime. In these circumstances, we conclude that the testimony concerning defendant's prior cocaine usage was properly admitted to impeach his credibility.[9]

The defendant's conviction is affirmed.

BENCH and GREENWOOD, JJ., concur.

---

weighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

7. Rule 608(b) provides:

specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness....

8. Defendant cites *State v. Featherson*, 781 P.2d 424 (Utah 1989), to support his argument that the evidence of his cocaine use should have been excluded. We do not find the case on point. In *Featherson*, the supreme court held that evidence of defendant's prior bad acts was

improperly admitted. *Id.* at 429. However, in *Featherson* the state did not introduce the evidence to impeach the defendant's credibility. Rather, the state argued the evidence was admissible under 404(b) because it showed modus operandi, state of mind or knowledge. *Id.* Further, we do not consider a Rule 403 analysis appropriate when the testimony offered is for the purpose of attacking the defendant's credibility under Rule 609(a).

9. Defendant additionally complains that during cross-examination, the prosecutor questioned him concerning his unemployment. An appellate court has discretion as to the nature and extent of the opinions it renders and we need not "address in writing each and every argument, issue, or claim raised and properly before us on appeal." *State v. Carter*, 776 P.2d 886, 888 (Utah 1989); *see State v. Jones*, 783 P.2d 560, 565 (Utah Ct.App.1989). Defendant did not object to this questioning and we decline to specifically address this claim because it is not a substantial issue.