922 F.2d 836
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lacy PIERCE, Defendant-Appellant.
 No. 89-5900.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 2, 1990.
Decided Jan. 2, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Terrence W. Boyle, District Judge. (CR-89-12-CR-4)
 Rudolph Alexander Ashton, III, Sumrell, Sugg, Carmichael & Ashton, P.A., New Bern, N.C. (Argued), for appellant; William H. Barker, Barker & Dunn, New Bern, N.C., on brief.
 Robert Daniel Boyce, Assistant United States Attorney, Raleigh, N.C. (Argued), for appellee; Margaret Person Currin, United States Attorney, Raleigh, N.C., on brief.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER and WILKINSON, Circuit Judges, and HIRAM H. WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Lacy Pierce pleaded guilty in the United States District Court for the Eastern District of North Carolina to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and one count of possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1). At sentencing, the court increased Pierce's calculated offense level under the United States Sentencing Guidelines by two levels because of his attempts to destroy evidence at the time of his arrest. Pierce argues that the increase in his offense level was erroneous, that the court additionally erred in refusing to allow him an opportunity to perform substantial assistance to the government, and that the court should have departed downward in consideration of his age and poor health. Finding no merit in Pierce's contentions, we affirm the district court's judgment.
 
 I.
 
 2
 On October 29, 1988, police in the town of Kinston, North Carolina, entered the home of Lacy and Dorothy Pierce pursuant to a search warrant. While Dorothy Pierce tried to block the officers in a hallway, Lacy Pierce ran to the back of the house. Police found him squatted over a toilet, attempting to flush away some forty-six grams of cocaine base, or "crack." The police also discovered numerous firearms at the residence.
 
 
 3
 Appellant Pierce entered into a plea agreement under which he pleaded guilty to one count of possession with intent to distribute cocaine and aiding and abetting, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2, and one count of possession of a firearm during a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. Sec. 924(c)(1) and 18 U.S.C. Sec. 2. The government agreed as one condition on its part that at sentencing it would "make known to the Court ... the full nature and extent of the Defendant's cooperation, including whether the Government considers the Defendant to have substantially assisted authorities...." This term anticipated that Pierce would provide the government information about criminal activities in Lenoir County and would take part in an undercover operation.
 
 
 4
 The court sentenced Pierce to 188 months imprisonment for the drug violation with a consecutive 60-month term for the weapons violation. In determining the sentence, the court increased Pierce's calculated offense level under the Guidelines by two levels for obstruction of justice in attempting to destroy the cocaine at the time of his arrest. See United States Sentencing Commission, Guidelines Manual, Sec. 3C1.1 (Nov. 1989) [hereinafter U.S.S.G.]. The court did not grant a decrease for cooperation under the plea agreement because the government took the position that Pierce had not substantially assisted authorities. Pierce appeals these decisions.
 
 II.
 
 5
 Section 3C1.1 of the United States Sentencing Guidelines provides for a two-level increase in the calculated offense level if the defendant "willfully impeded or obstructed" the administration of justice during the investigation or prosecution of the offense. The commentary to that section allows that attempting to destroy or conceal material evidence may provide a basis for applying the increase. U.S.S.G. Sec. 3C1.1, comment. (n. 1(a)). Other courts have upheld application of Sec. 3C1.1 to attempts to destroy evidence at the time of arrest. E.g., United States v. Cain, 881 F.2d 980, 982 (11th Cir.1989); United States v. Galvan-Garcia, 872 F.2d 638, 641 (5th Cir.1989). Pierce does not dispute that he tried to flush away the incriminating cocaine when the officers arrived with a search warrant. The district court was not clearly in error when it increased Pierce's offense level by two for obstruction of justice.
 
 III.
 
 6
 Pierce also urges that the district court erred in refusing, absent a motion from the government, to release him from incarceration to perform substantial assistance to the government pursuant to his plea agreement. He does not take issue with the court's position that under the terms of the plea agreement and under Sec. 5K1.1 of the Guidelines, discretion rested only with the government, not with the court or the defendant, to move for a downward departure to reflect substantial assistance. Instead, he argues that the court erred by denying his motion for release on the grounds that it was the government's right to move for his release.
 
 
 7
 We find this argument unpersuasive. The question of how Pierce could render substantial service was left to the government's discretion; only the government could move for a downward departure. Pierce could not hope to render substantial service without the government's approval and cooperation. At an initial detention hearing, the government moved that Pierce not be released because he was both a danger to the community and a flight risk. The court granted the motion. Although the grounds for that decision were independent of the terms of the plea bargain, the government continued to oppose Pierce's release, choosing alternate methods of allowing Pierce to render substantial service. For example, the State Bureau of Investigation attempted to establish an undercover operation in which Pierce would participate by telephone and his wife would participate in person. That operation proved unsuccessful. The government also sought information about the drug trade in Kinston, but the material Pierce provided was not "entirely accurate." Although Pierce might have been better able to participate in an undercover scheme had he not been incarcerated, his release involved risks that the government was not willing to take. The transcript of the hearing makes clear that the court saw no reason to grant Pierce's motion for release when the government was unwilling to work with Pierce under such conditions and the discretion to define the conditions of substantial assistance rested with the government. That decision was not in error.
 
 IV.
 
 8
 Pierce's last assertion is that the court erred in not departing downward because of his age and poor health. However, as this court discussed in United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.1990), the federal statute that furnishes the specific grounds for appealing a sentence does not authorize appeals for discretionary refusals to depart downward. See 18 U.S.C. Sec. 3742.
 
 
 9
 For the above reasons, the judgment of the district court is
 
 
 10
 AFFIRMED.