**STATE of Utah, Plaintiff and Appellee,**

v.

**Rodney W. SMITH, Defendant
and Appellant.**

**No. 900214–CA.**

Court of Appeals of Utah.

Sept. 4, 1991.

Frances M. Palacios and Elizabeth Holbrook, Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen., and Marian Decker, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before GARFF, JACKSON and RUSSON, JJ.

OPINION

JACKSON, Judge:

Defendant, Rodney W. Smith, appeals his conviction of theft, a second degree felony, in violation of Utah Code Ann. § 76–6–404 (1990). We reverse and remand for a new trial.

FACTS

After business hours on August 16, 1989, defendant and a friend, Scott Montoya, drove to Hot Water Products (HWP), a wholesale spa dealer in Salt Lake City, Utah, and loaded a preplumbed spa onto defendant's truck. The spa was delivered to the home of Scott Davidson.

Two days later, an employee of HWP discovered that the chain locking the gate to the storage yard was broken and that a spa was missing from the storage yard. After determining that the spa had not been sold, HWP reported the theft to the police. HWP also contacted several retail stores in the area who sold spas similar to the one that was missing. Because the missing spa contained no engine or operating equipment, HWP assumed whoever had the spa would eventually need to locate parts for it. Subsequently, a local dealer called HWP and reported they had received a phone call from someone inquiring about an equipment package and engine for a spa. After an HWP employee went to Davidson's home, where the spa was located, and verified it was the missing spa, HWP told the police where the spa could be found.

A police officer went to Davidson's home and questioned him about the spa. Davidson told the police that he had purchased the spa from defendant. When police questioned defendant the next day, he told them that he worked with Davidson and that Davidson had asked him to pick up the spa which Davidson claimed to have purchased. Defendant was arrested and charged with theft. He was convicted by a jury on November 2, 1989, and appeals from that conviction.

On appeal, defendant alleges that the trial court committed reversible error by

not allowing defendant to question Davidson about his criminal record, and by not allowing evidence which would have corroborated defendant's theory of defense.

## EVIDENCE OF PRIOR CONVICTIONS

Prior to the commencement of trial, counsel for defendant sought a ruling on the admissibility of the criminal record of prosecution witness Scott Davidson. Defense counsel argued that both of Davidson's prior convictions for felony theft, as well as a misdemeanor conviction for falsification of a driver's license, should be allowed in to attack the witness's credibility, and to show that he could have masterminded the incident in question. The State countered that the prior convictions could not come in because the probative value of the evidence was outweighed by its prejudicial value.

The trial court initially ruled that all three convictions could come in to show "prior bad acts ... that reflect upon his honesty and integrity in testimonial context," and "as to examining him concerning his propensity for masterminding something like that, I believe you're entitled to further examine him if you can show in those prior circumstances that he was in fact the mastermind, limited to that issue." Before Davidson testified, however, the court changed its ruling, stating that some of the evidence went to the character of Davidson, and that Davidson's felony theft convictions were not admissible since they were not probative and did not involve false statement.

### A. Utah Rule of Evidence 609

It is not disputed that under the Utah Rules of Evidence, evidence of prior convictions may be used to impeach a witness's credibility. Utah Rule of Evidence 609(a) specifically provides:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

At issue is whether the rule's limitation on prejudicial effect is designed to protect only the defendant, or any witness. The Utah rule is identical to its federal counterpart[1] and therefore federal interpretations of the rule are persuasive. *See Salt Lake City v. Holtman*, 806 P.2d 235, 237 n. 2 (Utah App.1991). While the federal appeals courts have not been consistent in answering whom the rule is intended to protect, the Supreme Court resolved the conflict in *Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 109 S.Ct. 1981, 104 L.Ed.2d 557 (1989).[2] The Court stated that "the Rule was meant to authorize a judge to weigh prejudice against no one other than a criminal defendant[,]" *id.* 109 S.Ct. at 1991, and concluded that impeaching evidence which is detrimental to the prosecution in a criminal case shall be admitted without any balancing of its probativeness and prejudicial effect. *See id.* at 1984. *See also* 3 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence* ¶ 609[04] at 609–94 (1990) ("The rule on prejudice does not apply if the defense offers the conviction.").

In the present case, the trial judge did not allow defendant to cross-examine Davidson about Davidson's prior theft convictions because the evidence was prejudicial to Davidson. This was error. Although we "will not reverse a trial court's evidentiary ruling unless it is manifest that 'the court so abused its discretion that there is a likelihood that injustice result-

---

1. However, Federal Rule of Evidence 609 was amended, effective December 1, 1990.

2. At issue in *Green* was whether Federal Rule of Evidence 609 required a judge to allow a civil litigant to impeach an adversary's credibility by introducing evidence of the adversary's prior convictions.

ed[,]' " *Holtman,* 806 P.2d at 237 (*quoting State v. Gentry,* 747 P.2d 1032, 1035 (Utah 1987)), in this instance Davidson's testimony was critically important to the prosecution and was the only evidence contradicting defendant's testimony regarding intent. Therefore, absent this error, there is a reasonable likelihood of a more favorable outcome for defendant. Thus, we must reverse in this case.[3] Accordingly, the case is remanded for a new trial, with direction to the trial court that Davidson's felony convictions are admissible for impeachment purposes under Rule 609.

### B. Utah Rule of Evidence 404

Defendant claims that on remand, Davidson's prior convictions are not only admissible for the limited purpose of impeaching his credibility, but also to show that Davidson could have masterminded the spa theft.[4] The State argues that the prior convictions are admissible only under Rule 609 because the evidence is prejudicial.[5]

Due to our remand for a new trial based on Rule 609, we decline to rule on this issue since it would be in the nature of an advisory opinion and judicial policy dictates against it. *Phillips v. Schwendiman,* 802 P.2d 108, 110 (Utah App.1990). The issue may not come up again or perhaps it will appear in a different context.[6]

**3.** The State has conceded this argument on appeal and agrees that defendant is entitled to a new trial.

**4.** Defendant's argument is based on Utah Rule of Evidence 404(b). Rule 404(b) provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

**5.** The State relies on *State v. Tucker,* 800 P.2d 819, 822 (Utah App.1990), where this court explicitly limited the permissible scope of a Rule 609(a) inquiry to "the nature of the crime, the date of the conviction and the punishment." *Id. Tucker,* however, differs from the present case in two respects. First, it was the prosecution who wanted to introduce evidence of defendant's prior convictions. In that context we

## CONCLUSION

We reverse and remand for a new trial.

GARFF and RUSSON, JJ., concur.

said that the scope of inquiry is limited in order "to insure the defendant is not convicted for past rather than present crimes." *Id.* (citations omitted). Second, defendant's prior convictions were considered only under a Rule 609 analysis, offered to impeach defendant. The *Tucker* court did not reach the question of whether such a limitation applies to evidence offered under Rule 404.

**6.** Defendant also argued that the trial court erred in refusing to allow a defense witness (Montoya) to testify as to what took place between defendant and Davidson when defendant delivered the hot tub. The court ruled that Montoya's version of Davidson's comments when the hot tub arrived were not admissible because "credibility was not an exception to the hearsay rule." Our review of the record reveals no final ruling was made by the trial court concerning the State's objection. Defense counsel rephrased the question that was objected to, and the witness answered the rephrased question. Therefore, there is no ruling from which the defendant can now appeal.