28 F.3d 1216
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Ronald E. BLAKE, Defendant/Appellant.
 No. 93-3421.
 United States Court of Appeals, Seventh Circuit.
 Argued June 14, 1994.
Decided June 28, 1994.
 
 Before ESCHBACH, COFFEY and FLAUM, Circuit Judges.
 
 Order
 
 1
 Ronald E. Blake waived indictment and pleaded guilty to a one-count information charging him with assaulting, resisting, opposing or impeding a federal officer in violation of 18 U.S.C. Sec. 111 (1993). Blake was sentenced to eighteen months incarceration to be followed by a one-year term of supervised release. Blake challenges the enhancement under U.S.S.G. Sec. 3C1.2 of the sentence recommended in the plea agreement. We affirm.
 
 
 2
 Blake and the government entered into a factual stipulation pursuant to the plea agreement. The stipulation details that on May 18, 1993 Deputy United States Marshal Nicholas Mann went to the residence of the defendant's mother with an outstanding warrant for Blake's arrest. Upon arrival, Deputy Marshal Mann observed Blake fleeing, and yelled, "Stop! Police!" Blake continued to flee and Mann followed him, continually yelling for him to stop and identifying himself as a Deputy U.S. Marshal.
 
 
 3
 The foot pursuit continued onto Route 3 where it met with oncoming traffic. When Blake jumped onto the trunk of a moving car and fell off, Mann was able to overtake him and attempted to handcuff him. Blake forcibly pushed Mann off and away, ran back into traffic, jumped on the hood of a car and ordered the driver to drive. The driver refused. Mann then forcibly pulled Blake from the car and ordered him to lay down on the ground, a command repeated throughout the ensuing struggle. Blake charged, forcibly knocking Mann to the ground. Mann got up and attempted to restrain him. Blake continued to resist Mann by pushing him in the chest, neck, and shoulder areas. Blake forced Mann off and fled again.
 
 
 4
 The pursuit continued north to Adams Street, where Mann was able to overtake Blake and attempt to secure him against the trunk of a taxi cab. When the cab driver exited his car, however, Blake jumped into the driver's seat and attempted to put the running vehicle into gear. There were several children standing in front of the taxi. At this point, Mann drew his weapon and ordered Blake to stop. Mann then handcuffed one of Blake's wrists, though the Blake continued to fight. Finally, Mann secured both of Blake's hands behind his back and handcuffed him to the steering wheel of the taxi.
 
 
 5
 In its Presentence Investigation Report ("PSI"), the United States Probation Office recommended that Blake receive a two level increase in his offense level pursuant to U.S.S.G. Sec. 3C1.2. Section 3C1.2 provides for a two level increase if the defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." Following the PSI recommendation, the district court increased Blake's offense level to nine and sentenced him to eighteen months, the maximum allowable sentence.
 
 
 6
 Blake contends that the district court improperly increased his sentence under U.S.S.G. Sec. 3C1.2 by not making the required finding of "recklessness" and "a substantial risk of death or serious bodily injury to another person." Blake asserts that his conduct only created a substantial risk of serious injury or death to himself and not to others. He argues that Sec. 3C1.2 requires a finding of "mortal circumstances" threatening others. See United States v. White, 903 F.2d 457, 462-63 (7th Cir.1990) (discussing application of Sec. 3C1.1 prior to enactment of Sec. 3C1.2.)
 
 
 7
 Prior to enactment of Sec. 3C1.2 on November 1, 1990, courts applied Sec. 3C1.1, which provides for enhancement upon a finding that the defendant willfully obstructed justice, to defendants who avoided or fled arrest. However, because of the willfulness requirement of Sec. 3C1.1 (1989), enhancement for flight was limited to a narrow range of circumstances. See, e.g., White, 903 F.2d at 462-63 (flight from arresting officers combined with physical endangerment to the lives of police officers and bystanders caused by high-speed auto chase constitutes obstruction of justice); see also United States v. Galvan-Garcia, 872 F.2d 638, 641 (5th Cir.) (flight plus destruction of evidence constitutes obstruction of justice), cert. denied, 493 U.S. 857 (1989); compare United States v. Stroud, 893 F.2d 504, 507 (2d Cir.1990) ("mere flight in the immediate aftermath of a crime, without more, is insufficient to justify a section Sec. 3C1.1 obstruction of justice enhancement," bank robber evaded apprehension by running across rooftops, hiding under boat, jumping fence, and twice struggling with police officers); United States v. Hagan, 913 F.2d 1278, 1285 (7th Cir.1990) (enhancement under (pre-1990) Sec. 3C1.1 not appropriate where unarmed defendant merely fled into cornfield despite police fear that defendant could have posed a deadly threat if armed).
 
 
 8
 Section 3C1.2, however, does not require willful intent. United States v. Chandler, 12 F.3d 1427, 1433-34 (7th Cir.1994). The court need only make a finding of "recklessness" Id., at 1433. A person is "reckless" under the Guidelines when he is aware of but disregards the risk created by his conduct, and when that conduct involves "a gross deviation from the standard of care that a reasonable person would exercise in such a situation." See U.S.S.G. Sec. 2A1.4 comment (n. 1); see also Stinson v. United States, 113 S.Ct. 1913, 1917-18 (1993) (commentary to a sentencing guideline is legally binding on the federal courts unless it conflicts with either the Constitution or federal statute).
 
 
 9
 In Chandler, the only case in this circuit to address Sec. 3C1.2, the court limited the application of the guideline to situations comprising more than flight. 12 F.3d at 1434. The defendant must have engaged in dangerous conduct in the course of resisting arrest. Id., (citing U.S.S.G. Sec. 3C1.2 comment (n. 1) (Nov. 1991)); cf., United States v. Luna, 21 F.3d 874 (9th Cir.1994) (conduct that did not rise to the level of reckless behavior: "running three stop signs in a residential area and leaving an unattended vehicle rolling" did constitute a substantial risk of serious bodily injury or death to other motorists or pedestrians; thus, enhancement under Sec. 3C1.2 was not clearly erroneous).
 
 
 10
 A "common sense" reading of the stipulated facts of this case, see White, 903 F.2d at 462, confirms that the district court's findings are not clearly erroneous, United States v. Weaver, 8 F.3d 1240, 1244 (7th Cir.1993); United States v. Kelly, 991 F.2d 1308, 1316 (7th Cir.1993). The defendant fled down a highly trafficked highway, jumping first on the trunk of a moving car and then the hood of a second, stopped car. This clearly created a substantial danger to both drivers whose cars Blake assaulted and probably other nearby motorists. At a minimum, the drivers faced the sudden hazard of avoiding Blake as he fell off the moving car. Additionally, Blake commandeered a taxi cab and attempted to put it into drive, an act that, if successful, would have endangered a group of children standing in front of the vehicle. Accordingly, enhancement under Sec. 3C1.2 resulted from a proper application of the guideline to the facts. Herrera, 878 F.2d at 1000.[1]
 
 
 11
 The ruling of the district court is AFFIRMED.
 
 
 
 [1]
 Blake also argues that the district court did not make a finding of recklessness. This argument is completely without merit. In overruling the appellant's objection to the PSI Report's inclusion of the Sec. 3C1.2 enhancement, Judge Beatty made a clear finding of recklessness, stating in part: "It seems to me that all this from my point constitutes certainly a substantial risk of serious bodily harm, if not death, to the driver of the car whose hood he jumped on, to the other traffic on Route Three, and certainly the officer, the marshal." (Tr. at 4, 5)