# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 13, 2008

Charles R. Fulbruge III
Clerk

No. 08-40044
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANTHONY DOUGLAS

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CR-193-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Anthony Douglas appeals from conviction after a bench trial of possession of a firearm in furtherance of a drug trafficking crime, namely, the possessing with intent to distribute a Schedule I controlled substance: 3,4 Methylenedioxy-methamphetamine/MDMA ("ecstasy"). Douglas argues that the Government did not prove that he knowingly possessed ecstasy with the intent to distribute it, and also failed to prove that he possessed the firearm in furtherance of the drug crime. We disagree with both assertions and AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Our standard for reviewing the sufficiency of the evidence in a bench trial is "whether the finding of guilt is supported by substantial evidence, i.e., evidence sufficient to justify the trial judge, as the trier of fact, in concluding beyond reasonable doubt that the defendant is guilty." United States v. Turner, 319 F.3d 716, 720 (5th Cir. 2003) (internal citation and quotation marks omitted). "Evidence is sufficient to support a conviction if any rational trier of fact could have found that the evidence established guilt beyond a reasonable doubt." United States v. Ceballos-Torres, 218 F.3d 409, 411 (5th Cir. 2000), amended in part, 226 F.3d 651 (5th Cir. 2000). We neither weigh evidence nor evaluate the credibility of witnesses; instead, we review all the properly-admitted evidence from the perspective most favorable to the government and permit the trial court to draw all reasonable inferences. Turner, 319 F.3d at 720-21.

First, we evaluate the evidence regarding the underlying drug trafficking crime. See 18 U.S.C. § 924(c)(1)(A). On April 10, 2006, Douglas was driving from Houston, Texas to New Orleans, Louisiana, on the portion of Interstate 10 that traverses Jefferson County, Texas. The vehicle he was driving had been rented by his passenger, Gregory Green. An officer from the county sheriff's department stopped the vehicle for speeding. The officer testified that he smelled freshly burned marihuana as he neared the vehicle. During the questioning of Douglas and Green, the officer was given permission to search the vehicle. In the console between the front seats, 586 ecstasy tablets were discovered. A fully loaded Glock pistol was directly on top of the tablets.

Douglas and Green were given warnings of their rights. See Miranda v. Arizona, 384 U.S. 436 (1966). Both Douglas and Green responded to questions. The evidence, including Green's admissions, indicates that Green was responsible for the drugs. Douglas claimed ownership of the pistol and had a receipt indicating that it was purchased, with cash, two days before his arrest. Green told the officers that the tablets belonged to him. Although Douglas now

argues that Green hid the ecstasy tablets with Douglas's pistol without Douglas's knowledge, Douglas did not make this claim in his post-Miranda interview. Also, while Douglas now argues that he did not know that the tablets were in the vehicle, he did not express surprise in his post-Miranda interview regarding the officer's discovery of the tablets in the vehicle. Nor did he express surprise that the pistol that he owned was hidden with the tablets. In his post-Miranda interview, Douglas also suggested that he would participate in arranging a drug deal in exchange for leniency.

What Douglas said and what he did not say both support an inference that he had knowledge of drug trafficking and was a willing participant with Green. It is true that, at trial, Douglas testified that he lied when he made these and other incriminating statements. As already noted, though, credibility choices regarding testimony are for the trial court. Turner, 319 F.3d at 720-21. Undisputed facts coupled with circumstantial evidence can establish knowing possession of drugs with the requisite intent to distribute. See United States v. Infante, 404 F.3d 376, 385 (5th Cir. 2005); United States v. Galvan-Garcia, 872 F.2d 638, 640 (5th Cir. 1989). Among the usable circumstances of guilty knowledge is the lack of surprise when contraband is found. United States v. Ortega Reyna, 148 F.3d 540, 544 (5th Cir. 1998).

Viewed in the light favorable to the conviction, the evidence was sufficient to establish knowing possession. Regarding the requisite intent to distribute, the tablets contained an imprint that was designed to provide the end user with information regarding potency. Also, the arresting officer testified that the amount of ecstasy tablets that was seized in this case is an amount that is consistent with distribution. See United States v. Cartwright, 6 F.3d 294, 299 (5th Cir. 1993) (stating that intent to distribute can be inferred from the large quantity of drugs involved). Thus, the evidence was also sufficient to establish that Douglas knowingly possessed ecstasy with the intent to distribute it.

The second issue regarding evidentiary sufficiency concerns possession of the firearm "in furtherance of" drug trafficking activity under 18 U.S.C. § 924(c)(1)(A). The arresting officer testified that Douglas's pistol, which was fully loaded and ready to use, was lying directly on top of the ecstasy. He further testified that the manner in which he found the pistol and the ecstasy is consistent with the use of a weapon in furtherance of a drug trafficking crime.

An accessible pistol that is loaded and ready to use provides protection against anyone who attempts to interfere with the drug trafficker at any stage in his transaction. See Ceballos-Torres, 218 F.3d at 412. The close proximity of Douglas's pistol to the ecstasy tablets indicates that the weapon was to be used to protect the drugs or would be accessible during a transaction to provide protection in case the drug deal went sour. See id.; see also United States v. Charles, 469 F.3d 402, 406-07 (5th Cir. 2006). Finally, purchasing the weapon contemporaneously with beginning the drive to Louisiana to transport drugs for distribution adds to the inference of a nexus between the weapon and the drugs.

This circumstantial evidence was sufficient to establish that Douglas possessed a firearm in furtherance of drug trafficking activity.

The judgment of the district court is AFFIRMED.