STATE of Utah, Plaintiff and
Respondent,

v.

David E. BROWN, Defendant
and Appellant.

No. 870504–CA.

Court of Appeals of Utah.

April 4, 1989.

R. Paul Van Dam, Dan R. Larsen, Salt
Lake City, for plaintiff and respondent.

Frances M. Palacios, Joan C. Watt, Rich-
ard G. Uday, Salt Lake City, for defendant
and appellant.

Before BENCH, BILLINGS and
GREENWOOD, JJ.

## OPINION

GREENWOOD, Judge:

David E. Brown appeals from his convic-
tion of theft, a third degree felony in viola-

tion of Utah Code Ann. § 76–6–404 (1978). We affirm.

On July 28, 1987, the store manager at a Farmer Jack's grocery store saw Brown place a case containing thirty cartons of cigarettes in a shopping cart. Brown pushed the cart up and down the aisles then abandoned it and went out of the store. He rode a ten-speed bicycle across the parking lot twice, while looking through the store window. The store manager then informed the store's security officer of Brown's activities and they both continued to watch him. Brown reentered the store, picked up the case of cigarettes and began to walk out of the store. The security officer stopped Brown and police subsequently arrested and charged him with theft.

Prior to trial, Brown filed a motion in limine to exclude his prior misdemeanor theft convictions. The court ruled that the prior convictions were admissible for the limited purpose of impeaching Brown's credibility. However, at trial, Brown did not testify and the convictions were not revealed. The jury returned a guilty verdict. Brown filed a motion for a new trial, asserting that during voir dire one juror failed to reveal that he had had previous retail sales employment and that one juror made a statement during a court recess which indicated juror bias against Brown.

▆▆▆▆ Brown claims on appeal that the trial court erred in denying his motion to exclude evidence of his prior misdemeanor theft convictions under Utah R.Evid. 609. We will not reverse the trial court's rulings on evidentiary matters unless it is "manifest that the trial court so abused its discretion that there is a likelihood that injustice resulted." *State v. Gentry*, 747 P.2d 1032, 1035 (Utah 1987). Utah R.Evid. 609(a) states,

For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination

but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) *involved dishonesty or false statement*, regardless of the punishment.

(Emphasis added.)

In *State v. Wight*, 765 P.2d 12, 17–18 (Utah Ct.App.1988), this court found that all crimes do not necessarily involve dishonesty or false statement under 609(a)(2). In *Wight*, the defendant had a prior conviction for aggravated robbery. This court found that "the crime of robbery is not necessarily one of dishonesty or false statement" and, therefore, that evidence of a prior robbery conviction is not automatically admissible under 609(a)(2). *Id.* at 18. We concluded that in order to determine whether a criminal conviction is admissible under 609(a)(2), courts may inquire about the particular facts involved to determine if dishonesty or false statement was involved in the commission of the crime. *Id.* If dishonesty or false statement was involved, evidence of the prior conviction is admissible under 609(a)(2). *Id.* Where no inquiry is made about the underlying facts, and the appellate court cannot determine from the record if the prior crime involved dishonesty or false statement, the prior conviction is inadmissible under 609(a)(2). *Id.*[1]

In this case, as in *Wight*, the court did not inquire as to the facts of the prior misdemeanor theft convictions, the State did not provide background information, and we cannot determine if those convictions involved dishonesty or false statement for purposes of 609(a)(2). In addition, for the same reasons as those espoused in *Wight*, we find that theft is not necessarily a crime involving dishonesty or false statement. *Id.* Therefore, we hold that the trial court abused its discretion in ruling that the prior theft convictions were admissible under 609(a)(2).

---

**1.** In *Wight*, we analyzed the facts under 609(a)(1) because the prior crime was punishable by imprisonment in excess of one year. *Id.*

That section is not applicable in this case because the prior convictions are for misdemeanors.

■ Although the trial court erred in admitting Brown's prior convictions, that error is reversible only if a review of the record persuades us that without the error there was a reasonable likelihood of a more favorable result for the defendant. *State v. Banner,* 717 P.2d 1325, 1335 (Utah 1986). In *Banner,* the court held that reversible error had occurred where defendant's two prior convictions for assault with intent to commit rape were admitted into evidence. Banner was charged with committing sodomy on a child and sexual abuse of a child. As a result of the trial court's decision to admit evidence of the prior conviction, Banner decided not to testify. The Utah Supreme Court found that the trial court erred in failing to exclude the convictions because they were more prejudicial than probative under 609(a)(1). Further, the court found that the admission of the convictions was reversible error because "[a]fter review of the record [it was] not convinced that had defendant testified, the outcome in this case would necessarily have been the same." *Id.*

In this case, witnesses at trial included the grocery store manager, the store's security officer and the arresting police officer. The manager testified that after Brown entered the store for the second time, he retrieved the cigarettes from the grocery cart where he had left them, walked quickly up the aisle past the checkout stands to an exit door, activated the door by stepping on the interior pad, and then stepped outside the store. During cross-examination, the manager continued to assert that Brown had one foot outside the store when stopped by the security officer. Similarly, the security officer testified Brown was out of the store when apprehended. The manager did not recall if Brown had said something to the effect that he was not outside the store, while the security officer thought such a statement might have been made. The manager also testified he saw Brown put the cigarettes in the grocery cart, exit the store, and ride his bike past the store twice, while looking in the store window. We find that the evidence was overwhelming as to Brown's intent to steal the cigarettes and are not convinced that it is reasonably likely that Brown's testimony would have produced an acquittal. Therefore, the error in denying the motion in limine was harmless.

■ Brown also claims the trial court erred by refusing to grant a new trial because a juror had allegedly lied during voir dire questioning and had made derogatory remarks about Brown prior to jury deliberations. In *McDonough Power Equipment, Inc. v. Greenwood,* 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984), the United States Supreme Court addressed the applicable test where a juror had allegedly failed to disclose information during voir dire questioning. The Court said,

> We hold that to obtain a new trial in such a situation, a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire,* and then further show that a correct response would have provided a valid basis for a challenge for cause.

464 U.S. at 556, 104 S.Ct. at 850. In this case, the juror allegedly failed to disclose that he had had retail experience. However, Brown failed to prove that the juror actually had such experience and further failed to demonstrate that there would have been "a valid basis for challenge for cause."

In regard to the allegedly prejudicial remarks made by one juror, the trial court met with the jury after receiving a note from the jury. The trial court then further instructed the jurors on their responsibilities. After the jury rendered its verdict, the trial court polled each juror and asked whether the verdict was influenced by anything other than properly presented evidence and the court's instructions on the law. Each juror responded appropriately. Further, after the motion for a new trial was filed, the trial court found that the alleged statements of one juror were "ambiguous and subject to multiple interpretation" and that they did not constitute a predetermination of guilt nor direct prejudice against Brown. The trial court's decision on a motion for a new trial is largely within the court's discretion and will not be

reversed on appeal unless there is a clear abuse of that discretion. *State v. Williams,* 712 P.2d 220, 222 (Utah 1985). We find no abuse of discretion in the trial court's refusal to grant a new trial because of improper juror actions.

Affirmed.

BILLINGS, J., concurs.

BENCH, J., concurs in the result.