**SALT LAKE CITY, Plaintiff and Appellee,**

v.

**Glenn E. HOLTMAN, Defendant and Appellant.**

**No. 900177–CA.**

Court of Appeals of Utah.

Feb. 13, 1991.

---

Robert L. Steele, Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

Janice L. Frost, Salt Lake City Prosecutor's Office, Salt Lake City, for plaintiff and appellee.

Before GREENWOOD, JACKSON and RUSSON, JJ.

JACKSON, Judge:

Defendant appeals from his conviction of retail theft, a class B misdemeanor in violation of Salt Lake City Ordinance § 11.36.060. On appeal, defendant claims the trial court erred in denying his motion to exclude evidence of his prior conviction. We agree and reverse the conviction, remanding for a new trial.

On October 28, 1989, defendant and his brother entered a Nordstrom department store in Salt Lake City, Utah. Defendant asked a salesperson if he could see several pairs of sunglasses which were displayed in a locked case. Defendant had in his possession a pair of pink and black sunglasses which he set on the store counter while he tried on other sunglasses. According to defendant, he reboxed the Nordstrom sunglasses and gave them back to the salesperson.

A security agent for Nordstrom testified that she saw defendant enter Nordstrom, walk directly to the sunglasses and ask the salesperson if he could see a pair of sunglasses. The security agent stated that she continued to watch defendant because he kept looking at the salespeople, looking around the store at other people to see what they were doing, hooking pairs of Nordstrom sunglasses to his clothes, and switching new glasses with his own pair. The agent then saw defendant put a pair of new glasses on his coat, place his old glasses in a box, and walk to the top floor of the store. Discovering that defendant had left a pair of cracked, scratched-up sunglasses in the box, the agent radioed another agent, who had also been watching defendant, and the other agent stopped defendant at the store exit on the third floor.

Defendant was tried by a jury in January 1990. In addition to defendant, defendant's brother and two Nordstrom security employees testified. Prior to defendant's testimony, defense counsel moved to exclude evidence of defendant's prior felony conviction. The court denied the motion. Defendant then testified on direct examination that he had been convicted of a felony in Virginia.

On appeal, defendant contends that the trial court erred in denying the motion to exclude the prior conviction. Specifically, defendant alleges that the prejudicial nature of the evidence outweighed its probative value; and that larceny is not a crime involving dishonesty or false statement for purposes of impeachment under Utah R.Evid. 609. The prosecution asserts that defendant failed to preserve this issue for appeal, or in the alternative, if the issue was preserved, that there was no error in admitting the evidence.

## I. WAIVER

The prosecution maintains that, because defendant did not renew his objection to the evidence at trial, the issue was not preserved for review. We should acknowledge at the outset that on these particular facts, this is the first time we have looked at this issue.[1]

The applicable court rules provide an appropriate starting place for our analysis. Utah R.Evid. 103(a)1 provides that: "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and (1) Objection. In case the ruling is one admitting evidence, a timely objection ... appears of record ..." *See also* Fed.R. Evid. 103(a)(1). In the present case, a timely motion was made by defendant in front of the same judge who presided at trial, and it is part of the record. Utah R.Crim.P. 20 states that "[e]xceptions to rulings or orders of the court are unnecessary. It is sufficient that a party state his objections to the action of the court and the reasons therefore." *See also* Fed.R. Crim.P. 51. Nevertheless, the prosecution contends that a motion to suppress is not precise enough to preserve an objection. The objective of the rules requiring a specific objection at trial is to bring issues to a trial court's attention and provide an opportunity to resolve them. In the present case, these objectives were met.

We therefore hold that, when an issue is argued before the court and the court makes a definitive ruling, as is the case here, the issue is adequately preserved for appeal.[2]

## II. EVIDENCE OF PRIOR CONVICTION

Having determined that defendant did not waive his challenge to the trial court's ruling, we must determine whether that ruling was in error. This court will not reverse a trial court's evidentiary ruling unless it is manifest that "the court so abused its discretion that there is a likelihood that injustice resulted." *State v. Gentry,* 747 P.2d 1032, 1035 (Utah 1987).

The trial court allowed defendant's prior felony conviction to be used for impeachment purposes on the ground that the two crimes were similar. Utah R.Evid. 609(a) provides with our emphasis:

> For the purpose of attacking the credibility of a witness, evidence that he had been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination

---

1. The facts of first impression are as follows: defendant made a motion to suppress which was denied; defendant then chose to take the stand on his own behalf; counsel for defendant elicited the testimony which he had sought to suppress apparently as a forced tactical maneuver. In *State v. Wight,* 765 P.2d 12 (Utah Ct. App.1988), this court was faced with these same facts; however the State did not argue waiver. Therefore, we said "Wight and his counsel presumably decided to present evidence of the prior conviction as part if their case-in-chief, as a tactical decision, rather than allow the State to raise it.... The State has not argued [waiver] and, therefore, the issue is not addressed in this opinion." *Id.* at 16–17 n. 1.

2. For Utah cases which address related issues of whether a party adequately preserved an issue for appeal, see *State v. Bruce,* 779 P.2d 646 (Utah 1989) (defendant did not waive for appellate review challenge to admission of evidence which was subject of motion to suppress when defendant failed to further object at trial); *State v. Mitchell,* 779 P.2d 1116 (Utah 1989) (motion in limine adequately preserved issue for appeal); *State v. Ross,* 782 P.2d 529 (Utah Ct.App.

1989) (defendant's failure to make contemporaneous, specific objection to allegedly improper prosecutorial conduct precluded appellate review); *State v. Griffin,* 754 P.2d 965 (Utah Ct. App.1988) (defendant not required to renew motion at trial where there had been evidentiary hearing on suppression motion).

Because the court rules applied to this case are virtually identical to their federal counterparts, federal cases examining the waiver question are also persuasive. *See American Home Assur. Co. v. Sunshine Supermarket, Inc.,* 753 F.2d 321 (3rd Cir.1985) (to require an additional objection at trial following a pretrial motion to suppress, simply to preserve the issue for appeal would be absurd); *United States v. Cook,* 608 F.2d 1175, 1184 (9th Cir.1979), *cert. denied* 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980); *United States v. Alvarez,* 584 F.2d 694 (5th Cir. 1978) (where legitimate trial strategy dictates that party opposing admission of evidence loses pre-trial motion and then proffers the evidence at trial, objection is preserved); 76 ALR Fed. 619.

but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and *the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or* (2) *involved dishonesty or false statement,* regardless of the punishment.

▪ The crime for which defendant was convicted was punishable by confinement of not less than one year nor more than twenty years. Virginia Code Ann. § 18.2–95. The trial court made no determination under 609(a)(2) as to honesty or false statement,[3] but ruled the prior conviction admissible because it was "of sufficient probative value." This was improper because the trial court should have balanced the probative value of the evidence against the prejudicial effect. In *State v. Banner,* 717 P.2d 1325, 1334 (Utah 1986), the Utah Supreme Court set forth factors to be considered when balancing probative value of a prior conviction against its prejudicial effect pursuant to rule 609(a)(1):

▪ the nature of the crime, as bearing on the veracity of the witness.

▪ the recentness or remoteness of the prior conviction [;]

▪ the similarity of the prior crime to the charged crime, insofar as a close resemblance may lead the jury to punish the accused as a bad person.

▪ the importance of credibility issues in determining the truth in a prosecution tried without decisive nontestimonial evidence [;]

▪ the importance of the accused's testimony, as perhaps warranting the exclusion of convictions probative of the accused's character for veracity....

▪ The trial court, in addressing the probative-prejudice question, failed to apply the *Banner* criteria in a meaningful fashion.[4] Applying the *Banner* criteria, we find that the prejudicial nature of the conviction outweighed any possible probative value. As to factor one, the prosecution offered little discussion on this point and the court made no specific finding. Second, the nature of the crime, retail theft, cannot be said to bear on the character or veracity of defendant. *See, e.g., State v. Bruce,* 779 P.2d 646, 655 (Utah 1989) (petit larceny not the type of crime that touches the question of honesty of a witness); *State v. Brown,* 771 P.2d 1093 (Utah Ct. App.1989); *State v. Wight,* 765 P.2d 12 (Utah Ct.App.1988). Also significant is the similarity between the facts underlying the conviction and the crime for which defendant was being tried in the present case, which "was highly likely to prejudice jurors and unduly influence their conclusion concerning defendant's guilt." *Gentry,* 747 P.2d at 1037. Finally, there was no decisive nontestimonial evidence presented in the present case, and defendant's testimony was important in that his actions were not contested, only his intentions.

▪ We conclude that the trial court abused its discretion in failing to exclude the conviction. Further, a wrongful failure to exclude prior convictions is reversible error when there is a reasonable likelihood

3. "Where no inquiry is made about the underlying facts, and the appellate court cannot determine from the record if the prior crime involved dishonesty or false statement, the prior conviction is inadmissible under 609(a)(2)." *State v. Brown,* 771 P.2d 1093, 1094 (Utah Ct. App.1989) (citation omitted).

4. The trial court in the present case made the following comments in ruling on the admissibility of the prior conviction:

I think what the cases indicate is whether there's a correlation between that case and the particular case here. Obviously they're similar cases they both are involved with theft. They seem to be even much more similar in the sense that I perceived that in the prior

felony matter the defendant also had an explanation for being involved in an illegal act which would have addressed the questions of mens rea whether he knew of the illegality ... the information of prior conviction and the facts pertaining thereto would be very important in determination of this jury as to the believability of the witness ... So, I think my position would be that it is of sufficient probative value....

We note that the trial court's comments suggest that the decision to admit the prior conviction was made under a Utah R.Evid. 404(b) analysis. However, no such argument was made by the prosecution and this analysis is therefore inappropriate.

of a more favorable result for the defendant. *Gentry*, 747 P.2d at 1038 (citing *Banner*, 717 P.2d at 1335). After examining the record wherein no other evidence except the security officers' observations of defendant and defendant's explanation of his actions make the case turn entirely on credibility. Therefore, we conclude that exclusion of evidence of the prior conviction might reasonably have produced a different result. Accordingly, the trial court's ruling was in error. We reverse and remand for a new trial to be conducted in a manner consistent with this opinion.

GREENWOOD and RUSSON, JJ., concur.