**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rex Allen KIRKLAND, Defendant–Appellant.**

**No. 91–7958.**

United States Court of Appeals, Eleventh Circuit.

March 9, 1993.

---

Floyd C. Enfinger, Jr., Montrose, AL, for defendant-appellant.

J.B. Sessions, III, U.S. Atty., Richard W. Moore, Asst. U.S. Atty., Mobile, AL, for plaintiff-appellee.

Before COX and DUBINA, Circuit Judges, and GODBOLD, Senior Circuit Judge.

DUBINA, Circuit Judge:

This appeal presents the following question: Is an investigation conducted by a bank's own auditors an "official investigation" within the meaning of United States Sentencing Guideline ("U.S.S.G.") section 3C1.1? Not only is this question one of first impression in this circuit, but research fails to disclose any cases from other circuits that have addressed it.

The appellant, Rex Allen Kirkland ("Kirkland"), was charged in a one-count information with embezzlement of bank funds in violation of 18 U.S.C. § 656. He pled guilty to embezzling $267,688.31 while he was employed as a bank officer at First Alabama Bank in Loxley, Alabama. After a sentencing hearing, the district court sentenced Kirkland to thirty months imprisonment and ordered him to pay the full amount of restitution to the victim bank. He is presently incarcerated.

## I. BACKGROUND FACTS

Kirkland was a lending officer and manager of the Loxley, Alabama, branch of the First Alabama Bank. During a routine review, bank personnel discovered that Kirkland's credit files appeared to contain questionable loans. The loan review personnel reported the questionable transactions to bank officials, who then ordered a full review by the auditing division. The audit revealed that he had made thirty-one unauthorized financial advances from the pre-approved credit line of the Peturis brothers, who were bank customers. When questioned about the Peturis' ac-counts, Kirkland claimed that George Peturis had authorized all of the transactions as payment for a condominium that Kirkland sold to him.

Subsequently, the auditors questioned George Peturis about the transactions and Peturis initially verified that he authorized Kirkland to make the withdrawals. Six weeks later, however, Peturis recanted his statement and told the auditors that the information he had previously given them was false. Armed with Peturis' recantation, the auditors again confronted Kirkland at which time he admitted that the withdrawals were unauthorized.

After Kirkland pled guilty, a Presentence Investigation Report ("PSI") was prepared. It stated, "Investigative agents report that Kirkland directed Mr. Peturis to lie to bank officials in order to conceal [Kirkland's] illegal activities. His coercion of Mr. Peturis constitutes obstruction of justice, as defined in U.S.S.G. § 3C1.1." PSI at 3. Kirkland did not dispute the PSI's assertion that he directed Peturis to lie to the auditors; he argued at sentencing, however, and contends on appeal, that the enhancement was not legally justified because the auditors' investigation was not "an official investigation" as contemplated by the obstruction guideline. Kirkland refers to commentary note 3 which applies the adjustment for obstruction of justice to "... the official investigation or prosecution of the instant offense or the sentencing of the offender ...." U.S.S.G. § 3C1.1, comment. (n.3(d)). He argues that an investigation conducted by an employee of a bank is not "official." Moreover, Kirkland pointed out to the district court that the statements made by himself and Peturis were not made under oath, nor were they made to law enforcement officers.

At sentencing, it was undisputed that the investigation was conducted by the bank's own auditors. Nonetheless, the district court found the bank's investigation "was, in fact, an 'official investigation,'" that was obstructed by the conduct of Kirkland, not so much in giving the false answers to the auditors, but in causing someone else

to give untruthful statements to those same investigating officers. On the basis of this undisputed evidence, the district court enhanced Kirkland's sentence for obstruction of justice.

## II. STANDARD OF REVIEW

■■■ A district court's findings of fact under section 3C1.1 will not be reversed on appeal unless clearly erroneous. *See United States v. Cain,* 881 F.2d 980, 982 (11th Cir.1989). Nevertheless, the question of whether a particular guideline applies to a given set of facts is a question of law subject to *de novo* review. *See United States v. Shriver,* 967 F.2d 572, 574 (11th Cir.1992).

## III. ANALYSIS

■■■ If a defendant willfully impedes or obstructs the administration of justice during the investigation or prosecution of his offense, the offense level is to be increased by two levels. U.S.S.G. § 3C1.1 (1991). The Sentencing Commission notes that directing or procuring another person to conceal evidence that is material to an official investigation is the type of conduct to which this enhancement applies. U.S.S.G. § 3C1.1, comment. (n.3(d)).[1] In its commentary, the Commission further notes that if such conduct occurred contemporaneously with arrest, it shall not, standing alone, be sufficient to warrant an adjustment for obstruction unless it resulted in a material hindrance to the official investigation or prosecution of the offense. *Id.* In the present case, because Kirkland's conduct was not contemporaneous with his arrest, the guidelines do not require the government to show that it resulted in a material hindrance to the investigation or prosecution of his offense. In any event,

Kirkland did not argue at sentencing, nor does he contend on appeal, that the investigation was not significantly impeded by his procuring George Peturis initially to lie to the bank's auditors.

Kirkland argues, instead, that the application of note 3(d) to his acts was incorrect because no "official" investigation had been instituted at the time of the acts in question. As the Assistant United States Attorney recognized at the sentencing hearing, bank employees alone performed the audit that uncovered Kirkland's wrongdoing. No law enforcement officer or governmental entity was involved. The only reason given by the Assistant United States Attorney for deeming the investigation "official" was that bank investigators conducted the investigation. Kirkland contends that the district court's construction of the term "official," in extending it to acts performed by private citizens, is not consistent with the wording of the guideline. Section 3C1.1 is entitled "Obstructing or Impeding the Administration of Justice." Kirkland contends that "official" investigation encompassed within this sentencing guideline refers to investigations conducted by the executive, legislative or judicial departments of the government. It is undisputed that the auditing division of First Alabama Bank is an internal mechanism of a corporation and is wholly unrelated to any governmental entity.

Although federal courts have held that acts constituting obstruction of justice are not limited to conduct occurring during the pendency of some judicial proceeding, *Cain,* 881 F.2d at 982; *U.S. v. Galvan–Garcia,* 872 F.2d 638, 641 (5th Cir.), *cert. denied,* 493 U.S. 857, 110 S.Ct. 164, 107 L.Ed.2d 122 (1989); *U.S. v. Franco–Torres,* 869 F.2d 797, 800 (5th Cir.1989), the cases which have extended the application of this

---

1. Commentary note 3(d) provides examples of the type of conduct to which the enhancement applies, including,

"... destroying or concealing or directing or procuring another person to destroy· or conceal evidence that is material to an official investigation or judicial proceeding (example: shredding a document or destroying ledgers upon learning that an *official* investigation has commenced or is about to commence) or attempting to do so; however, if such conduct occurred contemporaneously with the arrest, (e.g., attempting to swallow or throw away a controlled substance) it shall not, standing alone be sufficient to warrant an adjustment for obstruction unless it resulted in a material hindrance to the *official* investigation or prosecution of the instant offense or the sentencing of the offender;" (emphasis added).

guideline have one factor in common: they all involve some type of law enforcement or other action by government employees acting within the course and in furtherance of their official duties. *See Cain,* 881 F.2d at 982 (defendant hid checks in cap and tossed cap into parked car while under observation by U.S. Secret Service Officer); *United States v. Pilgrim Market Corp.,* 944 F.2d 14, 20 (1st Cir.1991) (hiding rotting poultry and meat from USDA inspectors warrants enhancement for obstruction). *Cf. United States v. Savard,* 964 F.2d 1075, 1078 (11th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 359, 121 L.Ed.2d 272 (1992) (defendant's hiding Coast Guard boarding slip in shoe did not significantly impede investigation by Customs officials); *Shriver,* 967 F.2d at 575 (defendant's lie to IRS inspector did not significantly impede investigation).

We agree with Kirkland that the circumstances surrounding his acts did not warrant the obstruction of justice enhancement. The only investigation at issue had been undertaken by bank personnel alone. That investigation was simply not "official" within the contemplation of U.S.S.G. section 3C1.1. Because no official investigation connected to law enforcement or any other governmental entity had been initiated, Kirkland's acts merely furthered a scheme of conduct constituting the crime of embezzlement by a bank officer. Furthermore, we agree with Kirkland's assertion that the district court erred in finding that he caused a third person to give perjured testimony to investigating officers, since the statements given by George Peturis were not made under oath or any equivalent affirmation.

For the foregoing reasons, we vacate Kirkland's sentence and remand this case to the district court for resentencing.

VACATED AND REMANDED.