UNITED STATES of America, Plaintiff–Appellee,

v.

Joseph P. BAGWELL, Defendant–Appellant.

No. 93–8854.

United States Court of Appeals, Eleventh Circuit.

Sept. 8, 1994.

---

Chandelle T. Summer, Summer & Summer, Gainesville, GA, for appellant.

Carolyn J. Adams, Amy Weil, Asst. U.S. Attys., Atlanta, GA, for appellee.

Before COX, Circuit Judge, MORGAN, Senior Circuit Judge, and VOLLMER,* District Judge.

VOLLMER, District Judge:

Joseph Paul Bagwell ("Bagwell") appeals from the sentence imposed following his plea of guilty to one count of possessing with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), and one count of assaulting a federal officer in violation of 18 U.S.C. § 111. Bagwell maintains that the district court improperly applied a number of

enhancements in sentencing him to two, concurrent twenty-one month terms of incarceration. We agree with Bagwell, for the reasons that follow, that the district court erred in applying an obstruction of justice enhancement in calculating Bagwell's sentence for the drug offense; otherwise, we find no error in the district court's sentencing calculations.

## Background

According to the record developed before the trial court, Bagwell contacted federal law enforcement officers in March 1992, and told them that he knew some individuals who wanted to grow marijuana in the Chattahoochee National Forest (the "Forest"). Bagwell agreed with law enforcement to act as a confidential informant and, thereafter, began assisting three individuals (Michael and Steven Smith ("the Smiths"), and Mark Pardue ("Pardue")) in planting, transplanting, and growing marijuana in the Forest. Acting on information provided by Bagwell, federal investigators regularly monitored the Forest marijuana patches, visiting them repeatedly, recording activities occurring there, taking photographs, and inventorying the number of plants. As of April 1992, 323 marijuana plants were growing in the patches.

At some point after becoming a confidential informant, Bagwell began harvesting marijuana from the Forest patches and selling it without the knowledge or approval of law enforcement officials. On at least two occasions, Bagwell sold small amounts of marijuana to Charles Bennett ("Bennett"), who, unbeknownst to Bagwell, also was a confidential informant.

In October 1992, Bennett informed law enforcement officials that Bagwell was planning on removing and selling some marijuana plants from the Forest. On October 6, acting on information provided by Bennett, officials set up surveillance in the Forest, near the marijuana patches. On that date, at approximately 8:15 p.m., Bagwell, accompanied by Bennett, entered the Forest in a pickup truck and removed six marijuana

* Honorable Richard W. Vollmer, Jr., U.S. District Judge for the Southern District of Alabama, sitting by designation.

plants from a patch or patches established and maintained by Bagwell, the Smiths, and Pardue. Bagwell and Bennett left the marijuana patches, driving on a narrow dirt road [1] leading out of the Forest.

Aware of Bagwell's presence in the Forest, law enforcement officers established a roadblock on the access road on which the pickup truck was traveling. The roadblock consisted of two vehicles, situated side-by-side, in and parallel to the roadway; the vehicles were located at one end of a curve in the road so that they would not be readily seen on the truck's approach. The vehicle located on the left side of the roadway (looking toward the curve)—a Forest Service patrol car—had blue lights on top of it; the other vehicle, located on the right side of the roadway, was a truck belonging to the Georgia Bureau of Investigation ("GBI").

At approximately 8:28 p.m., the headlights of Bagwell's pickup truck were observed approaching the area of the roadblock. As the truck approached, the headlights of both roadblock vehicles, and the blue lights atop the Forest Service patrol car, were activated,[2] and the vehicles began driving slowly toward Bagwell's truck. (The Forest Service car was driven by a Forest Service agent; Officer John Cagle of the GBI operated the GBI truck, in which Forest Service Officer Les Burril was a passenger.) Bagwell's truck, which was travelling about 50 m.p.h., increased speed as it headed directly toward the Forest Service car.[3]

After rounding the curve in the road, Bagwell's truck swerved off of the roadway into a ditch on Bagwell's left. Bagwell accelerated,

and his truck careened back onto the roadway, striking the right side of the GBI truck in the process. Bagwell swerved back into the ditch on the side of the roadway, accelerated, then, again, swerved back onto the roadway. Continuing to accelerate, Bagwell headed directly towards a law enforcement officer, Eddie Freeman. Officer Freeman, who was standing 20–30 feet behind the GBI truck at the time, had to take evasive action to avoid being hit by Bagwell.[4]

Once around the roadblock, Bagwell proceeded out of the Forest.[5] As they were leaving the Forest, Bennett reached into the back of Bagwell's truck and threw the bag containing the freshly-harvested marijuana plants to the side of the roadway. Law enforcement officers recovered the marijuana a few minutes later. Bagwell was arrested near his residence shortly thereafter.

On November 3, 1992, Bagwell was charged by a federal grand jury in the Northern District of Georgia in a three-count indictment with one count of possessing with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (count one), one count of distributing marijuana in violation of 21 U.S.C. § 841(a)(1) (count two), and one count of assaulting, resisting, and interfering with a federal officer engaged in official duties in violation of 18 U.S.C. § 111 (count three). The two drug charges arose out of Bagwell's conduct, on and prior to October 6, 1992, of taking marijuana from the Forest patches and selling it. Count three of the indictment specifically charged Bagwell with having assaulted or resisted Officer Les Burril who, as noted, was a passenger in the GBI truck at the time Bagwell struck it.[6]

---

1. According to testimony adduced at Bagwell's sentencing hearing, the road was barely wide enough for two cars to squeeze past each other.

2. At sentencing, Officer John Cagle of the Georgia Bureau of Investigation testified that the lights of the Forest Service pickup truck were activated as Bagwell's truck rounded the curve in the road. Bagwell testified that he did not see any lights on the pickup truck and, in fact, was not aware of its presence before grazing it.

3. Bennett testified at Bagwell's sentencing that Bagwell's truck was travelling at approximately 50–55 m.p.h. as it rounded the curve in the road—perhaps too fast to stop in front of the roadblock. By the time Bagwell's truck rounded

the curve, the Forest Service car was approximately 10–15 feet to the front left of the GBI truck.

4. Bagwell testified at sentencing that he did not see the Forest Service truck prior to hitting it; moreover, both he and Bennett testified that they never saw the law enforcement officer who was standing to the rear of that truck.

5. Bagwell did not attempt to stop his vehicle either before or after he passed the roadblock.

6. According to testimony adduced at Bagwell's sentencing, Officer Burril was either in the process of exiting or was preparing to exit the GBI truck at the moment of impact.

Bagwell pleaded guilty to counts one and three of the indictment on January 11, 1993,[7] and was sentenced five months later to two, concurrent twenty-one month terms of incarceration and two, concurrent three year terms of supervised release. He also was ordered to pay a $3,000 fine and $530 in restitution.

Bagwell's sentence of 21 months' imprisonment was based on a determination by the district court that Bagwell's total offense level was 12 and his criminal history category was III, with a range of 15–21 months. The court arrived at this range by finding, as to count one, that the base offense level was 8 under United States Sentencing Guideline ("U.S.S.G.") § 2D1.1.[8] Two levels were added pursuant to U.S.S.G. § 3C1.1 for obstruction of justice. The obstruction adjustment was based on the district court's express finding that Bagwell's conduct in taking marijuana from the Forest patches materially hindered law enforcement's investigation of the Smiths and Pardue. An additional two points were added pursuant to U.S.S.C. § 3C1.2 for reckless endangerment during flight. With respect to that adjustment, the district court expressly found that Bagwell, while fleeing to avoid capture for the drug offense, recklessly endangered Officer Burril when he struck the GBI truck. The adjusted offense level for count one was level 12.

The base offense level for count three, the assault on Officer Burril, was determined to be 6, pursuant to U.S.S.G. § 2A2.4. The base offense level was adjusted upward three points for use of a dangerous weapon—Bagwell's truck—, a specific offense characteristic of obstructing or impeding officers. *See* U.S.S.G. § 2A2.4(b)(1). An additional two points were added pursuant to U.S.S.G. § 3C1.2 for reckless endangerment during flight, based upon the district court's specific finding that Bagwell recklessly endangered Officer Freeman while fleeing to avoid capture for the drug offense and the assault on Officer Burril. The resulting adjusted offense level for count three was 11.

Applying U.S.S.G. § 3D1.4 and rejecting defendant's request that the offenses charged in counts one and three be grouped pursuant to U.S.S.G. § 3D1.2, the district court increased the offense level under count one by two points to reach a combined offense level of 14.[9] The court then adjusted downward two levels, pursuant to U.S.S.G. § 3E1.1(a), for acceptance of responsibility, arriving at a final offense level of 12. The court sentenced Bagwell to the high end of the sentencing range of 15 to 21 months, concluding that the gravity and seriousness of Bagwell's conduct warranted such action. Bagwell timely appealed from the district court's sentencing determination.

### Discussion

#### A. Issue Presented

The primary issue on appeal, and sole issue meriting discussion, concerns the propriety of the district court's adjustment of the offense level under count one for obstruction of justice.[10] Bagwell argues that at the time

---

**7.** In exchange for Bagwell's guilty plea to counts one and three, the government moved to dismiss count two of the indictment.

**8.** References to the United States Sentencing Guidelines in this opinion are to the Guidelines that were in effect at the time Bagwell was sentenced (June 1993). *See United States v. Bradley,* 905 F.2d 359, 360 (11th Cir.1990).

**9.** Sentencing Guideline 3D1.2 provides that "[a]ll counts involving substantially the same harm shall be grouped together into a single group." Guideline 3D1.4, moreover, provides that "[t]he combined offense level is determined by taking the offense level applicable to the Group with the highest offense level and increasing that offense level by the amount indicated in the following table.... Count as one Unit the Group with the

highest offense level. Count one additional Unit for each Group that is equally serious or from 1 to 4 levels less serious." For two units, the Guideline provides for a 2 level increase in the offense having the highest level.

In Bagwell's case, the district court declined to group Bagwell's two offenses under Guideline 3D1.2 and credited Bagwell with two offense "units" under Guideline 3D1.4. Choosing the offense having the highest level—count one, with a level 12—, the court then added two points or levels to arrive at a combined offense level of 14.

**10.** In addition to challenging the district court's obstruction of justice adjustment, Bagwell argues that the district court erred when it (1) declined to group the offenses charged in counts one and three as closely-related counts pursuant to U.S.S.G. § 3D1.2; (2) adjusted the offense level

of the offense, he was acting as a government informant against others who were planting marijuana on Forest Service property. Because his removal of the plants obstructed the investigation of the conspiracy to grow marijuana, rather than the investigation of his own wrongdoing, he argues that U.S.S.G. § 3C1.1 was improperly applied to enhance his sentence for the drug offense charged in count one. He further argues that even if the obstruction of justice enhancement properly applies to the investigation of an offense other than the offense of conviction, the government failed to show that the other investigation—the Smith/Pardue conspiracy—was actually obstructed.

The government principally contends that the investigation Bagwell obstructed was the growing of marijuana on national forest land, a continuing process that included Bagwell's offense of removing some of the marijuana plants for his own illicit purposes. The government also claims that the obstruction of justice need not have been successful for the enhancement to apply. Significantly, at oral argument before this court, the government conceded that the district court erred if it found that Bagwell's obstruction of justice related to the prosecution of *others*, and not to his own case.

**B. Standard of Review**

■ This court must review the district court's findings of fact under U.S.S.G. § 3C1.1 for clear error. *United States v. Kirkland*, 985 F.2d 535, 537 (11th Cir.1993). The district court's application of the sentencing guidelines to those facts is subject to *de novo* review. *Id.*

**C. Analysis**

■ The issue raised by Bagwell—that is, whether an obstruction of justice enhancement under § 3C1.1 must be based on a determination that the defendant obstructed investigation of the offense of conviction,

rather than some other offense—is one of first impression in this Circuit. As noted, in imposing an increase for obstruction of justice in this case, the district court expressly found that Bagwell hindered law enforcement's investigation of the Smith/Pardue drug conspiracy—an offense other than that of Bagwell's conviction. The court did not conclude, as the government urges us to find, that Bagwell's conduct impeded law enforcement's investigation of Bagwell's independent, illicit drug activities. The district court's factual findings are not clearly erroneous.

The district court's application of the facts to § 3C1.1 in enhancing Bagwell's base offense level under count one was improper, however. Section 3C1.1 of the United States Sentencing Guidelines provides:

> If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice *during the investigation, prosecution, or sentencing of the instant offense,* increase the offense level by 2 levels.

U.S.S.G. § 3C1.1 (emphasis added). The plain language of the relevant portion of the provision requires that the obstructing conduct occur "during the investigation . . . of the instant offense"—that is, the offense of conviction. *Id.* The factual findings made in this case by the district court in support of the § 3C1.1 enhancement do not explain how Bagwell's conduct in secreting marijuana plants from Forest patches and fleeing from arrest for that activity and for an assault on Officer Burril constituted a "willful[ ]" attempt to obstruct the investigation of the "instant offense" of possessing with intent to distribute marijuana in and prior to October 1991.

It is true that a criminal investigation of the Smiths and Pardue was under way as early as March 1992, and that Bagwell assisted in that investigation as a confidential in-

under count three both for use of a dangerous weapon and for reckless endangerment during flight; and (3) adjusted defendant's offense level under count one for reckless endangerment during flight. This court reviews the district court's findings of fact for clear error and reviews the court's application of the sentencing guidelines

to those facts *de novo*. *United States v. Kirkland*, 985 F.2d 535, 537 (11th Cir.1993). Finding no error in the district court's application of the sentencing guidelines and that the district court's factual findings with regard to the foregoing issues are not clearly erroneous, we find these additional challenges without merit.

formant. The language of § 3C1.1, however, does not encompass any and all obstructive conduct that a defendant may have attempted or committed; instead, it "applies only to willful attempts 'to obstruct or impede the administration of justice [in relation to] the instant offense.'" *United States v. Barry,* 938 F.2d 1327, 1333 (D.C.Cir.1991) *(quoting* U.S.S.G. § 3C1.1). We, therefore, join other Circuit courts that have considered the issue in concluding that the term "instant offense" refers solely to the offense of conviction—in this case, Bagwell's possession with intent to distribute marijuana in and prior to October 1992. *Id.; United States v. Yates,* 973 F.2d 1, 4–5 (1st Cir.1992); *United States v. Perdomo,* 927 F.2d 111, 118 (2d Cir.1991); *United States v. Dortch,* 923 F.2d 629, 632 (8th Cir. 1991); *United States v. Roberson,* 872 F.2d 597, 609 (5th Cir.), *cert. denied,* 493 U.S. 861, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989); *cf. United States v. Lato,* 934 F.2d 1080, 1083 (9th Cir.) (acknowledging "that the Guidelines' use of the language 'instant offense' suggests that there must be some connection between the obstruction and the federal offense for which defendant is being sentenced"), *cert. denied,* — U.S. —, 112 S.Ct. 271, 116 L.Ed.2d 224 (1991). To conclude otherwise would require either a tortured reading of § 3C1.1 or our ignoring it altogether.

We note that the government's concession at oral argument that the district court erred if it based the obstruction enhancement on a finding that Bagwell's conduct impeded investigation of the Smith/Pardue conspiracy comports with our "offense of conviction" conclusion. Because we conclude that the district court erred, as a matter of law, in applying a § 3C1.1 enhancement to Bagwell's count one base offense level, we decline to consider whether obstructive conduct must be successful to support an obstruction of justice enhancement.

## Conclusion

Because the sentence imposed exceeds the guidelines range for which Bagwell qualifies in the absence of the obstruction of justice enhancement, Bagwell's sentence must be, and hereby is, VACATED, and this case is REMANDED for resentencing.