**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4678

JENKIE HARTMAN BUNN,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-95-296)

Submitted: December 30, 1997

Decided: January 15, 1998

Before HAMILTON, WILLIAMS, and
MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael W. Patrick, HAYWOOD, DENNY & MILLER, L.L.P., Dur-
ham, North Carolina, for Appellant. Walter C. Holton, Jr., United
States Attorney, Scott P. Mebane, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jenkie Hartman Bunn was convicted after a jury trial of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) (1994). Bunn was sentenced to 120 months in prison, to be followed by three years of supervised release. Bunn appeals, asserting that the Government failed to prove that he had committed a violation of § 922(g)(1). Bunn also challenges the district court's imposition of a sentencing enhancement for the obstruction of justice under U.S. Sentencing Guidelines Manual§ 3C1.1 (1996). We affirm.

In 1988, Bunn was convicted in a federal court of possession of a firearm after being convicted of a felony; which is itself a felony. The indictment in this case charged him with possessing 12 gauge shotgun ammunition on February 19, 1995, in the Middle District of North Carolina. Bunn stipulated that the ammunition was manufactured in Illinois and affected interstate commerce.

To some degree, Bunn bases his challenge to § 922(g)(1) on United States v. Lopez, 514 U.S. 549 (1995). In Lopez, the Supreme Court invalidated 18 U.S.C.A. § 922(q)(1)(A) (West Supp. 1997), which made possession of a firearm within 1000 feet of a school a federal offense. See Lopez, 514 U.S. at 551-52. The Court struck down the conviction in part because the statute "contains no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." Id. at 561.

Bunn contends that in the wake of Lopez, the Government was required to provide evidence that Bunn's possession of ammunition "substantially affect[ed]" interstate commerce rather than merely "affect[ed]" commerce. Id. at 559. Bunn's argument relies on a mistaken interpretation of the central thrust of Lopez . In determining whether the activity regulated by § 922(q) "substantially affect[ed]" interstate

2

commerce, the Supreme Court was concerned with Congress's power to enact legislation concerning the possession of firearms near schools, not the elements of a successful prosecution under the statute. The requirement that an activity "substantially affect" interstate commerce concerns the extent of Congress's Commerce Clause power and the validity of the statute, not the Government's burden in proving its case.

Unlike the statute at issue in Lopez, § 922(g)(1) contains the requisite jurisdictional element because it applies only to firearms having "an explicit connection with or effect on interstate commerce." Id. at 562. This court recently joined the unanimous ranks of the courts of appeals in concluding that Congress did not exceed its power under the Commerce Clause in enacting § 922(g)(1). See United States v. Wells, 98 F.3d 808, 811 (4th Cir. 1996) (collecting cases). The "in or affecting commerce" requirement of § 922(g) satisfies the jurisdictional element that the statute at issue in Lopez lacked and meets the minimal nexus required for the Commerce Clause. See id. (citing Scarborough v. United States, 431 U.S. 563, 575 (1977)).

Considering the evidence in a light most favorable to the verdict, the evidence was sufficient for a rational finder of fact to have found that final element beyond a reasonable doubt. See United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993); see also Glasser v. United States, 315 U.S. 60, 80 (1942). The ammunition was manufactured in Illinois and undoubtedly traveled in interstate commerce to reach North Carolina. Furthermore, Bunn stipulated to the fact that the ammunition affected interstate commerce. Consequently, we have no difficulty concluding that Bunn's conviction was supported by sufficient evidence.

Bunn next asserts that the district court improperly enhanced his sentence for obstruction of justice under USSG § 3C1.1 because there was insufficient evidence to prove that either his conduct was obstructive or that it was "during the investigation . . . of" his offense. Id. After Bunn's arrest, but before his indictment on federal charges, he approached an acquaintance, Johnnie Johnson, and offered him money to report to local police a story corroborative of Bunn's version of the events leading up to his arrest. Whether Bunn's conduct amounted to obstruction of justice under § 3C1.1 is a legal question

3

which this court reviews de novo. See United States v. Saintil, 910 F.2d 1231, 1232 (4th Cir. 1990). The court reviews the district court's underlying factual findings for clear error. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1991).

Bunn contends that the court erred in basing the adjustment on conduct which occurred before the beginning of the federal prosecution. Bunn argues that the "instant offense" means only the federal firearms charge to which he pled guilty. See, e.g., United States v. Perdomo, 927 F.2d 111, 118 (2d Cir. 1991) (noting obstruction of justice determination based only on conduct in offense of conviction). Several circuit courts have held that, when a defendant is first charged in state court and later prosecuted for a federal offense based on the same actions, obstructive conduct which occurs prior to federal involvement may be the basis for an adjustment under § 3C1.1. See United States v. Smart, 41 F.3d 263, 265-66 (6th Cir. 1994); United States v. Adediran, 26 F.3d 61, 65 (8th Cir. 1994); United States v. Emery, 991 F.2d 907, 910-12 (1st Cir. 1993); United States v. Lato, 934 F.2d 1080, 1082-83 (9th Cir. 1991).

In support of his assignment of error, Bunn cites United States v. Bagwell, 30 F.3d 1454 (11th Cir. 1994). In that case, the Eleventh Circuit vacated the defendant's enhancement under§ 3C1.1 because the only evidence that Bagwell impeded an investigation was in relation to the offenses of two other individuals. See id. at 1458-59. The court concluded that there was no evidence that Bagwell impeded the investigation for his own offense. See id. Although Bunn may not have been aware that a federal investigation was ongoing or imminent, his attempt to deceive the local police was clearly intended to frustrate his prosecution on whatever charges were being contemplated by any authority. Bunn's conduct could have affected only one investigation: his own. Bunn's story, as urged on Johnson, if believed, would tend to provide a justification for his possession of the ammunition where none existed. The district court did not err in concluding that Bunn's attempt to bribe a third party to mislead the police by reporting Bunn's fabricated account of the incident was sufficient to show that Bunn attempted to obstruct the investigation regarding his possession of the ammunition.

Finally, Bunn suggests that there was no evidence he actually impeded the investigation. The plain language of the Guidelines

4

requires only an attempt for the enhancement to apply. See USSG
§ 3C1.1. Bunn's failure to bribe Johnson successfully does not affect
the propriety of the enhancement. We find no error in the district
court's application of the two-level enhancement in this case.

Finding no merit to either of Bunn's contentions on appeal, we
affirm the conviction and sentence. Although we grant Bunn's motion
to file a pro se supplemental brief, we note that Bunn's claim of inef-
fective assistance of counsel is not appropriate for this direct appeal.
See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).
We deny Bunn's "petition to present exculpable evidence" and dis-
pense with oral argument because the facts and legal contentions are
adequately presented in the materials before the court and argument
would not aid the decisional process.

AFFIRMED