**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gregory David JONES, Defendant–**
**Appellant.**

Nos. 01–7092, 01–7100.

United States Court of Appeals,
Tenth Circuit.

April 24, 2002.

Before TACHA, Chief Judge, EBEL and LUCERO, Circuit Judges.

---

ORDER AND JUDGMENT *

EBEL, Circuit Judge.

Defendant–Appellant Gregory David Jones challenges the two-level enhancement for obstruction of justice he received pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 3C1.1. We discern three points of error that Jones raises in his appeal: (1) that the investigation was not "ongoing" when his obstructive conduct occurred; (2) that the investigation was not "official" as required by the guidelines; and (3) that he had no knowledge of the investigation. We consider each of these arguments in turn, and, exercising our jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's decision.

## I. Background

Jones was charged in a multi-count indictment with fraudulent activity connected with his operation of Lake Country Home Care, Inc. (PSR, ¶ 1.) Relevant to this appeal, he was charged with conspiring to defraud federal auditors in violation of 18 U.S.C. § 371, (CR–01–07, Count One), and with obstructing an audit by federal auditors in violation of 18 U.S.C. § 1516 (CR–01–07, Count Two). Specifically, Count Two charged that Jones, "with the intent to deceive and defraud the United States, did endeavor to influence, obstruct and impede a *Federal auditor*, namely, Palmetto Government Benefits Administrator, LLC auditor, in the performance of *said auditor's official duties* relating to Lake Country Home Care, Inc." (emphases added).

Relevant to Count Two, the Presentence Report ("PSR") indicates that on June 1, 1998, the Department of Health and Human Services advised Lake Country Home Care, Inc. "that it would be subjected to an audit of its financial compliance with the rules and regulations of the federal medi-

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

care program." (PSR, ¶ 12.) Between September 1, 1998 and December 31, 1998, Jones "falsified and fabricated documents with the intention to conceal and mislead federal auditors of Lake Country in the performance of their duties from discovery of [false documents]." (*Id.*)

Jones waived his right to a jury trial and pled guilty to all charges against him. Pursuant to U.S.S.G. § 3C1.1, the probation officer recommended that Jones's conviction for Count Two (obstructing the audit) warranted a two-level adjustment, because Jones stood convicted of an obstruction offense, and the offense with respect to which the obstructive conduct occurred. At sentencing, defense counsel objected to the two-level enhancement for obstruction of justice, arguing that a sufficient nexus had not been established between the obstructive conduct and the underlying offense, because the obstructive conduct occurred months before "Jones became aware that government agents had actively been investigating him." (Obj. to PSR at 2.) The probation officer maintained that the two-level enhancement was appropriate, and the district court overruled Jones's objection, upholding the enhancement.

## II. Analysis

We review the district court's factual findings for clear error, and its application of the Guidelines de novo. *See United States v. Mojica*, 214 F.3d 1169, 1171 (10th Cir.2000). The district court adopted the factual findings as recited in the PSR, and Jones did not object to those factual findings at sentencing. (Add. to PSR, stating Defendant's sole objection to the PSR as the application of the two-level enhancement.) Thus, our review is guided by the facts as they appear in the PSR.

The relevant guideline, § 3C1.1, states:

If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impeded, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of the conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

We begin by noting that the Guideline itself contains no mention that the investigation must be "official," and the crux of Jones's argument on appeal is that the audit performed by Palmetto was not an "official investigation" as contemplated by the Guidelines. The Guideline's commentary introduces the concept of "official investigation" in Note 4, which gives a non-exhaustive list of the types of conduct to which the adjustment applies. Because the commentary's instruction that the adjustment applies to "official investigations," is not "plainly erroneous, inconsistent with the guidelines, or violative of the Constitution or a federal statute," we, as are district courts, are obliged to follow it. *Mojica*, 214 F.3d at 1171 (citing *Stinson v. United States*, 508 U.S. 36, 42–43, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993)). Therefore, we proceed to analyze whether Jones' obstructive conduct in connection with the Palmetto audit merits the two-level enhancement.

### A. Obstruction "during the course" of the investigation

■ Construing Jones' brief liberally, we interpret his assertion that the investigation by Palmetto was not "ongoing" to mean that his obstructive conduct happened before, as opposed to "during the course" of the investigation, as the Guideline contemplates. Such an argument is without merit, as "we have previously held that … awareness of an impending inves-

tigation is sufficient to satisfy the nexus requirement so as to warrant enhancement" for obstruction of justice pursuant to U.S.S.G. § 3C1.1. *United States v. Mills,* 194 F.3d 1108, 1115 (10th Cir.1999) (citing *United States v. Norman,* 129 F.3d 1393, 1399 (10th Cir.1997)). In this case, the facts demonstrate that Jones was aware of an impending investigation by Palmetto. As recited in the PSR, on June 1, 1998, Jones "was advised by the United States Department of Health and Human Services that [Lake Country Home Care, Inc.] would be subjected to an audit of its financial compliance with the rules and regulations of the federal medicare program." (PSR, ¶ 12.) The obstructive conduct with which Jones was charged, and to which he pled guilty, consisted of his actions from September 1, 1998 to December 31, 1998, after he had knowledge of an impending investigation. Therefore, his actions were clearly within the temporal limits of the Guideline.

### B. *"Official Investigation"*

■ On appeal, Jones argues that the Palmetto audit was not an "official investigation" because it was conducted by "non-governmental personnel working for a non-governmental business ." We are unconvinced. The indictment indicates that HHS "contracted with intermediary, Palmetto ..., to administer the Medicare program" with home health care agencies in Oklahoma, and describes Palmetto as "a Federal auditor." (Exh. D, Count Two ¶¶ 1,2.) Secondly, Jones received notice from HHS that Palmetto would be conducting an audit for "compliance with the rules and regulations of the federal medicare program." (PSR, ¶ 12.) Jones's attempt to liken Palmetto's audit to that of an internal "routine audit to balance the books," is unavailing. Palmetto's audit clearly was initiated by HHS, and conducted by Palmetto, its contractual intermedi-

ary, for the governmental purpose of assessing compliance with the regulations of a federal agency, HHS. Thus, unlike the facts in *United States v. Kirkland,* upon which Jones relies, the Palmetto audit was not some "internal mechanism of a corporation ... wholly unrelated to any governmental entity." 985 F.2d 535, 537 (11th Cir.1993). Instead, Palmetto, "in the performance of [its] duties," was required to report to HHS its findings of compliance or non-compliance with federal regulations. (PSR, ¶ 12.) Based on these factors, as recited in the indictments and the PSR, we conclude that Palmetto's audit constituted an "official investigation" under § 3C1.1.

### C. *Knowledge*

As explained above, Jones clearly knew about the impending investigation when HHS advised him in June 1998 that Lake Country Home Care, Inc. would be subjected to an audit of its "compliance with the rules and regulations of the federal medicare program." (PSR, ¶ 12.)

### III. CONCLUSION

Therefore, because Jones knew that Palmetto worked for the government, was investigating for compliance with federal rules and regulations, and had a duty to report its findings to HHS, the two-level enhancement for obstruction of justice pursuant to § 3C1.1 was warranted. Accordingly, we AFFIRM the district court's decision.