[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-12028

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHRISTOPHER FITZGERALD JONES,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:22-cr-00075-JRH-BKE-1

————————————————

Before JORDAN, JILL PRYOR, and LAGOA, Circuit Judges.

PER CURIAM:

Christopher Jones appeals his conviction and 120-month sentence for being a convicted felon in possession of a firearm. He argues that there was insufficient evidence to support his conviction and that at sentencing the district court erred in applying an obstruction-of-justice enhancement. After careful review, we affirm.

## I.

This criminal case arises out of an incident when officers arrested Jones on an outstanding warrant and found that he was carrying a firearm. In this section, we describe the incident when officers found the gun. We then review the procedural history of Jones's criminal case.

## A.

On October 21, 2021, officers with the Richmond County Sheriff's Office secured an arrest warrant for Jones and were in the process of obtaining a search warrant for his house. Two officers—Anthony Gregory and Lucas Heise—conducted surveillance in an unmarked police car outside Jones's house. They were watching to make sure that no one entered or exited the house.

Gregory and Heise spotted Jones leave the house, enter his car, and drive away. The officers followed in their car. After driving about 20 feet, Jones stopped in the middle of the street and exited

his car. In response, the officers stopped their car, turned on its patrol lights, and exited it. The officers, who were wearing body armor marked "Sheriff's Office," approached Jones with their guns drawn.

The officers advised Jones that he was under arrest pursuant to a warrant. After handcuffing Jones, Gregory patted him down. He found a gun in Jones's back right pant pocket.

At the time of the arrest, Gregory was wearing a body camera; Heise was not. Gregory did not turn his body camera on to record the arrest. Department policy did not require him to have the body camera on during the arrest. And, according to Gregory, he neglected to turn it on because of how quickly and unexpectedly Jones stopped in the middle of the road.

**B.**

A grand jury charged Jones with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Jones pleaded not guilty and proceeded to trial.

At trial, Gregory and Heise testified about arresting Jones and finding the firearm.[1] After the government rested its case, Jones did not move for a judgment of acquittal. He also did not call any witnesses.

---

[1] The government also introduced evidence showing that the firearm had traveled in interstate commerce. The parties stipulated that Jones had been convicted of a felony offense and knew of that conviction.

The jury found Jones guilty of possessing a firearm as a convicted felon. After the jury returned the verdict, Jones did not make a motion for acquittal or for a new trial.

Before Jones's sentencing, the probation office prepared a presentence investigation report ("PSR"). The section of the PSR setting forth the offense conduct described a series of incidents involving Jones and his girlfriend that led police to secure an arrest warrant for Jones. In September 2021, she reported to police that Jones had pointed a gun at her and, when she ran away from him, fired a single round into the ground. On October 17, 2021—approximately one month later and four days before Jones's arrest—the girlfriend again called law enforcement, reporting that Jones had pointed a gun at her. She ran out of her home and left Jones inside. When police arrived, she gave officers a key to her home so that they could go inside and check whether Jones was still there. When officers attempted to unlock the door, Jones locked it again and yelled at them. Concerned that Jones was armed, the officers decided not to enter the home. The officers and the girlfriend left with Jones still inside the home.

Two days later, on October 19, Jones's girlfriend called the police again. She reported that when she reentered her home after the October 17 incident, she found that Jones had damaged three televisions, an Xbox, the glass top on her stove, a coffee table, and a glass mirror and had stolen a microwave. Based on her reports, officers concluded that there was probable cause to believe that Jones had possessed a firearm as a convicted felon, pointed or

aimed a firearm at another, caused criminal damage to property, and committed burglary. They obtained an arrest warrant from a state court judge. Officers arrested Jones on October 21 pursuant to the warrant.

Another section of the PSR described Jones's interactions with his girlfriend after his arrest. On several occasions between October 30 and November 5, Jones, who was incarcerated at a detention center, called and threatened her. He demanded that she retract her statements to police so that the State would drop the charges against him. She submitted a request to the prosecutor asking that the charges against Jones be dismissed. A few months after she submitted this request, a federal grand jury indicted Jones on the felon-in-possession charge.

Based on Jones's threats to his girlfriend, the PSR applied a two-level enhancement for obstruction of justice. After including this enhancement, the PSR calculated Jones's Sentencing Guidelines range as 130 to 162 months' imprisonment. The PSR adjusted this range to 120 months' imprisonment, which was the statutory maximum at the time Jones committed the offense. *See* 18 U.S.C. § 924(a)(2) (2021).[2]

---

[2] After Jones committed the offense, Congress raised the statutory maximum sentence for a felon possessing a firearm to 15 years' imprisonment. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159 § 934(c), 136 Stat. 1313, 1329 (2022).

Jones objected to the obstruction enhancement. Although he did "not dispute the facts as stated" in the PSR, Doc. 52 at 22,[3] he argued that the enhancement should not apply because his girl-friend's report related to the state charges and "did not have anything to do with the indicted charge," which arose out of Jones's possession of a firearm on October 21. Doc. 73 at 3. The district court overruled the objection and applied the enhancement. It also adopted the factual statements contained in the PSR and its guidelines calculation. The district court ultimately imposed a sentence of 120 months.

This is Jones's appeal.

## II.

Ordinarily, we review the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict. *United States v. Ignasiak*, 667 F.3d 1217, 1227 (11th Cir. 2012). But when a defendant fails to "move for acquittal or otherwise preserve an argument regarding the sufficiency of the evidence in the court below," we will reverse a conviction only when "necessary to prevent a manifest miscarriage of justice." *United States v. Fries*, 725 F.3d 1286, 1291 (11th Cir. 2013) (internal quotation marks omitted). "This standard requires us to find either that the record is devoid of evidence of an essential element of the crime or that the evidence on a key element of the

---

[3] "Doc." numbers refer to the district court's docket entries.

offense is so tenuous that a conviction would be shocking." *Id.* (internal quotation marks omitted).

We review the district court's findings of fact at sentencing for clear error, but its application of the Sentencing Guidelines to those facts *de novo*. *United States v. Smith*, 22 F.4th 1236, 1242 (11th Cir. 2022).

## III.

Jones raises two issues on appeal. First, he argues that there was insufficient evidence to support his conviction. Second, he challenges the district court's decision to apply an obstruction enhancement. We address each issue in turn.

## A.

Federal law bars individuals with felony convictions from possessing firearms or ammunition. *See* 18 U.S.C. § 922(g)(1). To convict a defendant of possessing a firearm as a felon, the government must prove, among other things, that the defendant was in knowing possession of a firearm. *See United States v. Ochoa*, 941 F.3d 1074, 1104 (11th Cir. 2019). The government may satisfy this requirement by showing that the defendant had "physical possession" of a firearm. *United States v. Derose*, 74 F.3d 1177, 1185 (11th Cir. 1996).

On appeal, Jones challenges the sufficiency of the government's evidence that he possessed a firearm. Because Jones failed to raise this issue below, we may reverse his conviction only if we conclude that the record was devoid of evidence that he possessed

a firearm or that the evidence of his possession was so tenuous that a conviction would be shocking. *See Fries*, 725 F.3d at 1291. After considering this standard, we affirm Jones's conviction. The record is replete with evidence that Jones physically possessed the firearm. This evidence includes Gregory's and Heise's testimony about finding a firearm in Jones's back pocket.

Jones nevertheless argues that we must disregard the officers' testimony because, during the arrest, Gregory failed to turn on his body camera. He says that the lack of body camera evidence makes the officers' testimony about finding a firearm "inherently untrustworthy" and not credible. Appellant's Br. 8. But credibility determinations are left to the jury unless testimony "is incredible as a matter of law." *United States v. Flores*, 572 F.3d 1254, 1263 (11th Cir. 2009) (internal quotation marks omitted). "Testimony is only incredible if it relates to facts that the witness could not have possibly observed or events that could not have occurred under the laws of nature." *Id.* (internal quotation marks omitted). Here, the officers' testimony about finding a firearm in Jones's back pocket and Gregory's testimony about why he did not turn on his body camera were not incredible as a matter of law. We thus affirm Jones's conviction.

**B.**

We turn now to Jones's challenge to the sentencing enhancement for obstruction of justice. The Sentencing Guidelines state that a defendant's offense level will be increased by two levels if he "willfully obstructed or impeded, or attempted to obstruct or

impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction," and his "obstructive conduct related to" either the "offense of conviction and any relevant conduct" or "a closely related offense." U.S. Sent'g Guidelines Manual § 3C1.1. A defendant engages in obstruction when he attempts to threaten or intimidate a witness. *Id.* § 3C1.1 cmt. n.4(A). The enhancement applies only if the defendant's obstructive conduct "occurred during course of the investigation, prosecution, or sentencing of the offense of conviction or a closely related offense." *United States v. Doe*, 661 F.3d 550, 566 (11th Cir. 2011) (internal quotation marks omitted).

"When the government seeks to apply an enhancement under the Sentencing Guidelines over a defendant's factual objection, it has the burden of introducing sufficient and reliable evidence to prove the necessary facts by a preponderance of the evidence." *United States v. Washington*, 714 F.3d 1358, 1361 (11th Cir. 2013) (internal quotation marks omitted). District courts may base their findings of fact on, among other things, undisputed statements in a PSR. *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989). "Facts contained in a [PSR] are undisputed and deemed to have been admitted unless a party objects to them before the sentencing court with specificity and clarity." *United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009) (internal quotation marks omitted). "[A] failure to object to allegations of fact" in a PSR "precludes the argument that there was error in them." *Id.* (internal quotation marks omitted).

The district court did not err in applying the obstruction enhancement. Here, Jones threatened his girlfriend to try to intimidate her into recanting her report to police. We agree with the district court that this obstructive conduct occurred during the investigation or prosecution of an offense that was closely related to his firearms offense. Jones threatened his girlfriend to get her to withdraw her reports that he had pointed a gun at her and destroyed her property. It was based on these reports that police had obtained a warrant for his arrest. And when officers arrested Jones on October 21 pursuant to this warrant, they found the firearm.[4] Because Jones's obstructive conduct related to a closely related offense, we conclude that the district court properly applied the obstruction enhancement.

Jones nevertheless argues that there was insufficient evidence that he engaged in obstructive conduct because at the sentencing hearing the government introduced no evidence of his threatening statements. He points out that the government did not

---

[4] To support his argument that an obstruction enhancement does not apply, Jones cites our decision in *United States v. Bagwell*, in which we quoted an earlier version of § 3C1.1, which stated that the obstructive conduct had to occur "during the investigation, prosecution, or sentencing of the instant offense." 30 F.3d 1454, 1458 (11th Cir. 1994) (internal quotation omitted). But since *Bagwell* was decided approximately 30 years ago, the obstruction guideline has been amended. *See* U.S.S.G. App. C, amend. 581 (1998) & amend. 693 (2006). And, as we explain above, under the current guideline, the enhancement may apply when the obstructive conduct occurred "during the course of the investigation, prosecution, or sentencing of the offense of conviction or a closely related offense." *Doe*, 661 F.3d at 566 (internal quotation marks omitted).

play recordings of the threatening calls or call his girlfriend to testify under oath about the threats. But the PSR described the threats, and Jones told the district court that he "d[id] not dispute the facts as stated" in the PSR. Doc. 52 at 22. Because Jones failed to object to the factual statements in the PSR describing his threats, the district court properly treated these factual statements as undisputed and relied on them at sentencing. *See United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014) (explaining that the "failure to object to conclusory statements in the PSR renders those statements undisputed and permits the sentencing court to rely upon them without error even if there is an absence of supporting evidence" (alteration adopted) (internal quotation marks omitted)). Therefore, we reject Jones's challenge to the obstruction enhancement.

**AFFIRMED.**